THOMPSON and others vs. THE ST. LOUIS INSURANCE COMPANY.

INSURANCE AGAINST FIRE:  PLEADING.  *(1) Complaint on policy under ch. 347 of 1874.  (2) Averment of plaintiffs' interest, etc.*

1. In an action upon a fire insurance policy issued since ch. 347 of 1874, where the property was wholly destroyed without criminal fault of the assured, the complaint, averring the amount of insurance written in the policy, need not further aver the value of the property when destroyed; and if the policy stipulates for an arbitration as to the amount of the loss in case of a difference between the parties on that point, and that no action shall be brought until an award is obtained "fixing the amount of the claim," such stipulations have no effect, under the statute, and such arbitration or award need not be averred.

2. A complaint in an action on a fire insurance policy alleges that one of the plaintiffs had an insurable interest in the property as owner, to an amount exceeding the insurance; that the other plaintiffs were interested in the property as mortgagees to a large amount specified, and, by the terms of the policy, the loss was payable to them to the amount of their mortgage interest; and that the property was wholly destroyed. *Held,* a sufficient averment of plaintiffs' interest and damage.

APPEAL from the Circuit Court for *Winnebago* County.

Action upon a fire insurance policy issued July 25, 1876, to the plaintiff *Thompson*, upon a three-fourths interest owned by him in a certain hotel in the city of Oshkosh.  The amount of insurance written in the policy was $2,000; there was other insurance upon the property in other companies, to the amount of $8,000; and each company was to pay its proportionate amount of any loss.  The plaintiffs *Reilly*, *Lynch* and two others, had a mortgage interest in the property to the amount of between $6,000 and $7,000; and the loss was payable to them to the amount of their interest.  The building was totally destroyed without fault of the plaintiffs.  The complaint states the above facts, and that, at the times of the insurance and the loss, *Thompson* had an interest in the property as owner to an amount exceeding that of the insurance; sets out the policy in *hæc verba;* alleges in general terms full perform-

ance of its conditions on plaintiffs' part, due demand of payment of the $2,000, and nonpayment of any part thereof; and demands judgment for that amount, with interest, etc.

The policy contains the following provisions: "The amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss," etc. "Persons sustaining loss or damage by fire shall forthwith give notice of the loss to the company, and, as soon after as possible, render a particular account of such loss, * * * stating * * * the actual cash value of the property, and their interest therein, * * * and shall also produce a certificate under the hands and seal of a magistrate or notary public * * * stating that he * * * verily believes that the assured has, without fraud, sustained loss on the property insured to the amount which said magistrate or notary public shall certify." "In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties," etc. "The cash value of property destroyed or damaged by fire shall in no case exceed what would be the cost to the assured at the time of the fire of replacing the same," etc. "It is furthermore hereby provided, and mutually agreed, that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery, until after an award shall have been obtained fixing the amount of such claim in the manner above provided. * * * And it is hereby mutually understood and agreed by and between this company and the assured, that this policy is made and accepted in reference to the foregoing terms and conditions."

Defendant demurred to the complaint, on the grounds that it did not state a cause of action, and that the court had no jurisdiction of the subject of the action; and it appealed from an order overruling the demurrer.

Briefs were filed by *Finch & Barber* for the appellant, and by *H. B. Jackson* for the respondent; and there was oral argument by *Mr. Barber* and *Mr. Jackson.*

For the appellant it was contended, that under the contract the company was liable only for the actual cash value of the property, and that the complaint was insufficient in that it failed to state that value, or to show that plaintiffs had suffered any damage whatever by reason of the fire *(Lane v. Ins. Co.,* 12 Me., 50); that this defect was not cured by an allegation that a certain sum was due plaintiffs from the defendant, that being merely a conclusion of law *(Doyle v. Ins. Co.,* 44 Cal., 264; *Flanagan v. Ins. Co.,* 1 Dutch., 506); nor was it cured by the averment that at the time of the fire *Thompson* had an interest in the property to the full amount of insurance *(Sawyer v. Ins. Co.,* 37 Wis., 542–3; *Hancox v. Ins. Co.,* 3 Sumn., 132); and that the complaint was likewise defective in failing to allege either that the amount of damages had ever been submitted to arbitration, or that the company had refused to arbitrate upon demand. May on Ins., § 493; Bennett on Ins., 122, and notes; *Scott v. Avery,* 20 Eng. L. & E., 327; *S. C.,* 5 H. L. Cas., 811; *Lowndes v. Stamford,* 18 Q. B., 425; *Goldstone v. Osborn,* 2 C. & P., 550; *Trott v. Ins. Co.,* 1 Cliff., 439.

For the respondent it was contended, among other things, that the complaint was not defective in failing to allege an arbitration and award, 1. Because it does not appear from the complaint that any " difference " had arisen between the parties on the subject of damages.  2. Because, under ch. 347 of 1874, no award can ever be necessary. *Lex neminem cogit ad vana et inutilia.*  3. Because the policy contains an absolute promise to pay the actual amount of the loss, under which the liability to pay would attach as soon as the loss occurred; and the subsequent provision ousting the court of jurisdiction to enforce such liability, is invalid. *Ins. Co. v. Morse,* 20 Wall., 451, 453; opinion of Bromwell, J., in *Elliott v. Ass-*

*Co.*, L. R., 2 Exch., 237; May on Ins., p. 593, § 492, and p. 599, note 5.   4. Because the complaint alleges full performance of all conditions on plaintiffs' part, and, if such award is a valid condition, it is thus sufficiently alleged.

Upon the validity and construction of ch. 347 of 1874, counsel referred to their arguments in the foregoing case of *Reilly and others v. The Franklin Ins. Co.*

COLE, J.   The principal question in this case, arising under ch. 347, Laws of 1874, is passed upon in *Reilly et al. v. Franklin Ins. Co.*, [*ante*, p. 449], and therefore need not be further considered.   The complaint cannot be held defective because it fails to show what the actual cash value of the property was when destroyed.

It is further objected that the complaint does not show that the plaintiffs had an insurable interest in the property or were injured by its destruction.   A bare examination of the complaint will furnish a sufficient answer to this objection. It shows that all the plaintiffs except *Thompson* were interested in the insured property as mortgagees, to the amount of several thousand dollars, and that the policy, by its terms, provided that the loss should be payable to them to the amount of their mortgage interest.   In respect to *Thompson*, it is alleged that he had an interest in the insured property as owner to an amount exceeding the insurance; and that the property was wholly destroyed.

The complaint sets out the policy in *hæc verba*.   There is a stipulation in the policy that, in case of difference as to the amount of loss, the matter, at the request of either party, shall be submitted to arbitrators, whose award upon the question shall be final.   It is objected that there is no allegation that such arbitration was had, etc.   The law of 1874 makes the amount of insurance written in the policy conclusive as to the value of the property, the extent of loss sustained, and measure of damages.   The stipulation to arbitrate, being in-

consistent with the provisions of the statute, must yield. The same remark may be made in respect to the objection that the policy provides that no action shall be brought in any court until an award shall have been obtained fixing the amount of the claim. The statute determines the amount of loss.

In short, it appears from the complaint that a contract of insurance was made; that the premium was paid; that the plaintiffs have an insurable interest in the property; that the property was totally destroyed; and that the plaintiffs have performed all the conditions of the policy on their part to be performed. We think the complaint states a cause of action, and that the demurrer to it was properly overruled.

*By the Court.* — The order of the circuit court is affirmed, and the cause remanded for further proceedings.

