THOMPSON and others vs. THE CITIZENS' INSURANCE COMPANY OF MISSOURI.

THOMPSON and others vs. THE ROYAL CANADIAN INSURANCE COMPANY.

THOMPSON vs. THE ALLEMANIA FIRE INSURANCE COMPANY, etc.

INSURANCE AGAINST FIRE.   *Statutory rule of damages in case of total loss, enforced.*

> It is settled in this court that the provision of ch. 347 of 1874, that the amount of insurance written in a policy shall be deemed the true value of the property at the time of the loss, in case it is wholly destroyed, etc., rests upon grounds of public policy; and that a stipulation in a policy of insurance that "the loss or damage shall be established according to the true and actual marketable value of the property," will not be enforced at law to reduce the recovery below the amount of insurance written in the policy. *Reilly v. Ins. Co.*, 43 Wis., 449, and other cases in the same volume. Much less, in such a case, will an award of arbitrators (chosen by the parties under another stipulation in the policy), for a less amount than that written in the policy, be corrected by *reducing* the amount thereof, and enforced in equity.

APPEALS from the Circuit Court for *Winnebago* County. The defendant companies appealed from judgments against them upon policies of insurance against fire.

For the appellants, there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

*H. B. Jackson*, for the respondents.

ORTON, J. These actions are brought to recover the full amounts of insurance named in the policies. The evidence tended to prove, and the circuit court found, that the loss was total, by the destruction of the entire property insured, by fire. The counterclaim relied upon by the appellants was, to correct and reform the award of the arbitrators chosen by the parties, under a stipulation in the policy providing for an arbitration in such case, to determine the *real* loss or damage occasioned by the fire, and thereby to lessen the amount of said award. The amount of the award was less than the amount

of the insurance named in the policy.   The circuit court sitting in equity was asked to correct and reform this award on the ground of mistake, and to enforce it when so corrected.

The only question of any consequence here presented is one so recently and fully decided by this court, that a brief reference to the cases in which the decision is found, will be sufficient.   In *Reilly and others v. The Franklin Ins. Co. of St. Louis*, 43 Wis., 449, this court held, in the able opinion of Mr. Justice COLE, that ch. 347, Laws of 1874, was an act to prevent and do away with great evils and mischiefs, and on grounds of public policy; and that contracts of private persons or corporations cannot alter the rule established by that statute, that the amount of insurance written in the policy shall be *conclusive* as to the value of the property wholly destroyed by fire.   In one of these very cases, when before this court upon exception to the order of the circuit court overruling a demurrer to the complaint, it was virtually decided, against the appellant, that this stipulation in the policy providing for arbitration would not be enforced to lessen the amount of insurance written in the policy.   *Thompson and others v. The St. Louis Ins. Co.*, 43 Wis., 459.   In *Bammessel v. The Brewers' Fire Ins. Co. of America*, 43 Wis., 463, the decision of the same question is repeated.

These decisions ought to have been sufficient to set this question at rest during the life of the statute.

If a stipulation in the policy of insurance that the loss or damage should be established according to the true and actual marketable value of the property destroyed, will not be enforced to lessen the amount of insurance written in the policy, against the rule established by the statute, in a court of law, much less will the award of arbitrators chosen by the parties under another stipulation, lessening such amount, be corrected and enforced in a court of equity.

As in the case last above cited, the amount of recovery in these cases being less than the amount written in the policy, the appellant has no cause of complaint.

*By the Court.* — The judgments are affirmed, with costs.