THE HAMBURG-BREMEN FIRE INSURANCE CO. V. M. D. GARLINGTON.

(Case No. 5742)

1. INSURANCE—TOTAL LOSS—EFFECT—If an insured building is so injured by fire that it ceases to be, within the meaning of the law, a building, the policy becomes a liquidated demand against the insurance company for its full amount. (R. S., art. 2971 ; Queen Ins. Co. v. Jefferson Ice Co., 64 Tex., 578.)

2. SAME—TOTAL LOSS DEFINED—A total loss does not mean an absolute extinction. The question is not whether all the parts and material comprising the building are absolutely and physically destroyed, but whether the building has lost its identity and specific character as a building. (Following Williams v. Hartford Ins. Co., 54 Cal., 450, and citing other authorities.)

3. SAME—LIABILITY—INSURANCE OF DEFECTIVE BUILDING—EFFECT—A building had been injured by fire, and while in its injured condition was insured as a "building ;" shortly after it was totally destroyed by fire. In an action against the insurance company. Held :

(1) That in the absence of averment and proof of fraud in procuring the policy, the structure would be held to have been a *building* at the time the policy issued.

(2) The fact that the total loss resulted from both fires could not affect the liability of the makers of the policy in force at the time the total loss occurred.

4. SAME—PARTIAL DESTRUCTION—CITY ORDINANCE—EFFECT—A city ordinance prohibited the reconstruction or repair of wooden buildings, situated within fire limits, which had been injured by fire to the extent of one-third their value. An insured building was partially destroyed, and an application to repair it was refused by the common council, in accordance with the regulations of the ordinance. *Held*, That the parties having contracted in view of the ordinance, the fire must be deemed the proximate cause of the loss, and the loss total. (Following Brady v. Ins. Co., 11 Mich., 445 ; Brown v. Ins. Co., 1 Ellis & Ellis, 853.)

APPEAL from Dallas. Tried below before the Hon. Geo. N. Aldridge.

This suit was instituted in the district court of Dallas county on August 5, 1884, on a policy of insurance issued by appellant to appellee.

The amended original petition, filed May 25, 1885, alleged that on January 23, 1884, appellant issued to appellee a policy of insurance for $1,000 on his "two-story frame building occupied as a boarding house, situated on the north side of Main street, Dallas, Texas." That the buiding had, just prior to the issuance of the policy, been damaged by fire, and was reasonably worth $3,500; that on January 24, 1884, the building, as a building, was totally destroyed by fire, and became, by reason of the fire, wholly worthless and valueless as a building; that appellant was duly furnished with proofs of loss, as required by the terms of policy, and through its agent and adjuster proposed to pay appellee $561.02, which was the estimate of what it would cost to replace the building in the same condition it was just before the fire.

Appellee declined the offer, because the building was within the fire

limits of the city, and the city ordinances in force at the time prohibited the repair of a frame building damaged by fire to a certain extent; that on application permission to repair was refused, the burned building declared to be a nuisance and ordered taken down by the authorities; and that in legal effect the loss, under the statute, was a total loss.

Appellant answered by a general denial, and specially that on January 5, 1884, the building was insured for over $3,000, and on that day was damaged by fire to the amount of $1,500, which was paid to appellee on January 23, 1884; that the building had not been repaired when the policy sued on was issued, but that appellee was making ready to repair it; that on the night of January 23, 1884, a fire occurred by which the building, in its then unrepaired state, was damaged to the extent of $550.

The cause was submitted to the court without a jury. Judgment was rendered for appellee for $923.75.

Conclusions of fact:

1. Prior to January 4, 1884, appellee had the building insured for $3,500—$1,000 of which was with the appellant company. The building was within the fire limits of the city of Dallas.

2. On that day the building was damaged by fire to the extent of $1,500, which was paid, and the policies cancelled. The building was worth $4,200 to $4,500.

3. After the fire and before January 23, appellee had obtained permission from the city authorities to repair the building, and had material on the ground for that purpose.

4. On January 23, 1884, appellee insured the building for $3,277.96, one of the policies being the one in suit in this case.

5. On January 24, 1884, a second fire occurred by which the building was damaged. The amount required to put the building, after the second fire, in the condition it was before the second fire, was $561.02. This the companies expressed a willingness to pay, but made no formal tender.

6. After the second fire, appellee applied to the city engineer for permission to repair the building, which was refused.

7. The building was at that time dangerous and was a nuisance. It had lost its specific character as a building, was unfit for use and was a total loss, this total loss being the combined result of the two fires. The building in its then condition was worth less than sixty-six and two-thirds per cent. of its value before the first fire.

8, 9, 10. A few days after the second fire the mayor, acting under the ordinances of the city, ordered the building torn down as a nuisance.

11. After this order was issued, appellce sold the building for $100, and the purchaser took it away.

12. The building was valuable only for the unburned material left in it, and was worth only $100 by reason of the fact that under the law of the city it could not be repaired.

13. One of the companies paid $230 in settlement of a policy for $277.96.

14. Proofs of loss were duly furnished.

15. Considered with reference to the condition of the building at the time the second insurance was effected, the loss in this case was not a total one, although the loss occasioned by both fires and under the ordinances of the city preventing repairs to a building that had been damaged thirty-three and one-third per cent. of its value, it was a total loss.

Conclusions of law:

The contract of insurance of January 23 must be construed with reference to the ordinances of the city with reference to repairs within the fire limits of the city; that they entered into and became a part of the contract of insurance. The actual damage to plaintiff by reason of the second fire, and by reason of the ordinances, was the amount of the judgment in this case multiplied by the figure three, and adding the amount received, $230, and deducting the $100 for which the building was sold. This loss was the natural and proximate result of the second fire, and was such a result as must have been in contemplation of plaintiff and defendant at the time the insurance was effected.

*Crawford & Crawford*, for appellant cited: Delano v. Bedford Ins. Co., 10 Mass., 354; Insura .ce Company v. Tweed, 7 Wall., 44.

*Leake & Henry*, for appellee, cited: Flanders on Fire Insurance, 540, 626; Brady v. N. W. Ins. Co., 11 Mich., 445; Insurance Company v. Fogarty, 19 Wall., 640; Judah v. Randall 2 Caine's Cases, 324; Wallersteen v. Columbian Ins. Co., 44 N. Y., 204; Nave v. Mutual Ins. Co., 37 Mo., 430; Huck v. Globe Ins. Co., 8 Ins. Law Jour., 912; Wyman v. People's Equity Ins. Co., 1 Allen, (Mass.) 301; R. S., art. 2971; Hine and Nichols' New Digest of Insurance, 313.

STAYTON, ASSOCIATE JUSTICE.—The rights of the parties must depend on the character of the loss sustained while the policy issued on January 23 was in force. The thing insured was a two-story frame "building," on Main street, in the city of Dallas. By the term

"building," used in the finding of facts, we understand to be meant a "house," which it is shown had been used as a "hotel." It was destroyed by fire, and if the loss was total, by reason of the fact that the building insured was thus so destroyed, that it ceased to be, within the meaning of the law, a building, then, under the laws of this state, the policy evidences a liquidated demand against the appellant for the full sum for which the policy was issued. R. S., 2971; Queen Insurance Co. v. Jefferson Ice Co., 64 Tex., 578.

The court below found that the effect of the fire which occurred the day after the policy was issued was to reduce the building to a condition as, follows: "The east wall of it was entirely destroyed. The roof was destroyed. Almost one-half of the interior of it (extending from the foot of the east wall to the top of the west wall) was destroyed. The front of it was partly lying on the street, and partly hanging, liable to fall at any time. Thus it had lost its specific character as a building, and was unfit for use as a hotel or for other purposes, and was a total loss—this loss being the combined result of the two fires."

It is unimportant to what extent the building may have been injured by the former fire, which occurred on January 4, 1884, while the property was covered by other policies; for settlement had been made in reference thereto, and those policies cancelled, and such injury can have no bearing on the question of liability under policies subsequently issued.

When the policy sued upon was issued, the property may have been seriously injured by the fire which occurred before that time, but such was the condition of the property when the policy sued upon issued, that the appellant insured it as a building, and such, in the absence of averment and proof of fraud in procuring the policy, it must be held to have been at the time the policy issued. The question then is did fire so change the character of the thing insured, after the policy sued upon was issued, as to make a total loss of the building within the meaning of the contract of the parties?

The court below found that the building was a total loss, and we are of the opinion that the facts stated in the finding justified that conclusion. It was the building that was insured—a specific thing, and not merely the material of which it was constructed. In the case of Williams v. Hartford Ins. Co., 54 Cal., 450, the following charge was affirmed: "A total loss does not mean an absolute extinction. The question is not whether all the parts and materials composing the building are absolutely or physically destroyed, but whether, after the fire, the thing insured still exists as a building. Although you

may find the fact that after the fire a large portion of the four walls were left standing, and some of the ironwork still attached thereto, still, if you find that the fact is that the building has lost its identity and specific character as a building, you may find that the property was totally destroyed within the meaning of the policy."

This we understand to be the true rule. Nave *v.* Insurance Co., 37 Mo., 430; Judah *v.* Randall, 2 Caines' Cases, 324; Huck *v.* Insurance Co., 127 Mass., 309; Insurance Co. *v.* Fogarty, 19 Wall., 640; May on Insurance, 421*a*; Brady *v.* Insurance Co., 11 Mich., 446.

The fact that the court found that the total loss resulted from both fires cannot affect the liability of the makers of the policy in force at the time the total loss occurred. The fire which consummated the total loss did not occur until after the policy sued upon was issued; and the defective condition of the building, brought about and existing through the former fire, can no more be taken into the estimate in determining the cause of the total loss than could any other character of defect in the building existing at the time the last policy issued, and not of a nature to defeat the policy, but calculated, from its character, to make total loss from fire thereafter more easily accomplished. The maker of the policy cannot call to its aid the injury done by the former fire to make a loss subsequently resulting from fire only partial, which, in fact, through the latter fire only, became total.

The loss insured against was the loss to the building as it was at the time the policy sued upon issued, or as the building might be subsequently bettered, and its former condition could not be looked to for the purpose of determining the character of the loss, and the court might well have rested its holding that the building was a total loss from the last fire upon the specific facts found to be true. The court, however, as will be seen from the conclusions of fact and law, based the total loss on both fires and the ordinance of the city which prohibited the rebuilding or repairing of wooden houses, within the fire limits, which might be damaged to the extent of one-third of their value by fire.

The fifteenth conclusion of fact was : "That considered with reference to condition of the building at the time the second insurance was effected, the loss in this case was not a total one, although the loss occasioned by both fires and under the ordinances of the city preventing repairs to a building that has been damaged thirty-three and one-third per cent. of its value, it was a total loss."

Upon this conclusion of fact the court adjudged, in effect, that the loss resulting from the second fire and the operation of the city ordinance, which forbade the repair or rebuilding of the insured building,

was a total loss, the natural and proximate result of the second fire had in contemplation by the parties at the time insurance was affected; and on this ground gave judgment as for a total loss. If rendering a judgment on the theory of total loss, the judgment, as it seems, was rendered for a less sum than it should have been, under the policy, this is a matter of which the appellant cannot complain.

After the second fire, application was made to the city authorities to repair the building, and such permission was refused on account of an existing ordinance, which forbade the repair or rebuilding of any wooden building within the fire limits, destroyed to the extent of one-third of its value by fire. No question is made as to the validity of such an ordinance. The case of Brady v. Insurance Co., 11 Mich., 445, in its facts was almost identical with this, and in that case it was held that the parties having contracted in view of the city ordinance, which prohibited the reconstruction or repair of a wooden building, situated within the fire limits unless by leave of the common council, which had been refused, the fire must be deemed the proximate cause of the loss, and the loss total. We see no reason to doubt the correctness of this conclusion. The case of Brown v. Insurance Co., 1 Ellis & Ellis, 853, is substantially to the same effect.

From these views it is unimportant that the court below based its judgment on the ground last stated, and, in effect, held that the loss was not total except as considered in reference to the inability to repair or rebuild, in consequence of the extent of injury done by the second fire, which, of itself, under the specific facts found to be true, we hold, caused a total loss, without reference to the fact that the building, under the city ordinance, could not be repaired or reconstructed. In any event the judgment was right and must be affirmed.

AFFIRMED.

[Opinion delivered April 20, 1886.]