## JOHN LARKIN v. GLENS FALLS INSURANCE COMPANY.[1]

### July 20, 1900.

### Nos. 12,197—(211).

**Insurance—Proofs of Loss.**

Where an insurance company, upon information that property covered by one of its policies has been damaged by fire, makes investigation into the cause of the fire, obtaining information sufficient to determine its liability, expressly recognizes such liability, and prepares proofs of loss from the information thus obtained, which it presents to the insured for signature, but which he refuses to sign because of a stipulation of settlement therein contained, the failure on the part of the insured to make and serve formal proofs of loss is waived.

**Contract of Insurance—Fire Limits.**

A contract of insurance upon property within the fire limits of a city

[1] Reported in 83 N. W. 409.

is presumed to have been entered into with reference to the ordinances of such city on the subject of the alteration and repair of buildings damaged by fire to the extent of fifty per cent. of their value.

### Repair of Building Forbidden—Measure of Loss.

In an action upon an insurance policy covering a building located within the fire limits of a city, and of a class the repair of which is, under certain conditions, prohibited by the city ordinances, recovery may be had as for a total loss when the repair of the building insured and damaged is prevented under and by reason of such ordinances; the value of what remains of the building after the fire over and above the cost of removing it from the premises being deducted therefrom.

### Building Inspector—Decision as to Damage.

Whether the determination of the building inspector of the city of St. Paul, or of the board of arbitration on appeal from his decision, that a building within the fire limits of such city has been damaged to the extent of fifty per cent. of its value, and therefore not subject to repair under the ordinance, is final and conclusive, and not subject to judicial review by the courts, quære?

### Same—Impeachment.

Even though not final and conclusive, such determination can only be impeached by clear and convincing proof of fraud, collusion, or mistake; and the burden of proof is upon the party who calls it in question.

Action in the municipal court of St. Paul to recover $500 on a fire insurance policy. The case was tried before Hine, J., and a jury, which rendered a verdict in favor of plaintiff for the amount demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*C. E. Joslin,* for appellant.

*Michael Johnston* and *George W. Walsh,* for respondent.

BROWN, J.

This is an action to recover upon a fire insurance policy issued by defendant to plaintiff. Plaintiff had a verdict in the court below, and defendant appeals from an order denying a new trial. Three questions are presented for our consideration: (1) Whether defendant waived formal proofs of loss; (2) whether the action was prematurely brought; and (3) whether plaintiff sustained a total loss. This latter question may involve one or two other questions incident thereto, and is the important question in the case.

1. The policy was issued on March 10, 1899, and the property covered thereby (a building in the city of St. Paul) was damaged by fire on July 31 following. No written proofs of loss were ever made or served on defendant by the insured. But, within a day or two after the fire, defendant's local agent learned or was informed thereof, and made an immediate investigation and reported to the company. The company directed him to make further investigation, and to procure a competent builder to make an estimate of the cost of repairing the building; informing him at the same time that proper proofs of loss would be prepared and forwarded for signature by the insured. The agent made a further investigation, and obtained an estimate of the cost of the repair of the building, and made further report to his company. Proper proofs of loss were prepared by some agent of the company, either from information possessed by the local agent or obtained from the insured, and presented to the insured for signature. He refused to sign the same because of a stipulation therein binding him to a settlement of the loss for an amount equal to the estimated cost of repairing the building. The company made an offer of settlement and to pay the cost of repairing the building, which plaintiff declined to accept because the building inspector of said city had refused to grant a permit to repair it.

The company possessed all information concerning the fire, and of facts necessary to make up the proofs of loss, and was in no way injured by a failure on the part of plaintiff to sign the proofs presented to him by its agent. The company having become possessed of all facts necessary to a determination of the question of its liability, and having expressly recognized its liability, its conduct was certainly such as to lead the insured to the belief that formal proofs would not be required, and amounted to a waiver thereof. 13 Am. & Eng. Enc. (2d Ed.) 345, et seq.; Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S. 527; Helvetia v. Allis, 11 Colo. App. 264, 53 Pac. 242; Fink v. Lancashire, 66 Mo. App. 513; Thierolf v. Universal, 110 Pa. St. 37, 20 Atl. 412; Ætna v. Simmons, 49 Neb. 811, 69 N. W. 125; Pennsylvania v. Dougherty, 102 Pa. St. 568.

2. This action was commenced on October 9, 1899. At least the summons was served on that day, as we understand it, and there is

80 M.—34

nothing in the record to show that it was in the hands of an officer for service at any date prior thereto. All acts of defendant and its agents which we hold justified a finding of a waiver of proofs of loss occurred prior to August 9. Sixty days, therefore, elapsed after such waiver before the commencement of the action, and it was not prematurely brought. Negotiations looking to a settlement of the loss were also had between the parties subsequent to August 9, but enough occurred prior thereto to constitute a waiver, and what occurred after that date is important only in corroboration.

3. The principal question in the case is whether plaintiff suffered a total loss. It is not claimed that the building was totally destroyed, but it is claimed that it was damaged to such an extent as to render it practically worthless without extensive repairs, and that it could not be repaired, because the building inspector refused to grant a permit authorizing the same. Defendant did not elect to repair the building, as it had a right to do under the policy, but offered to pay the cost of such repair in full settlement of its liability.

The ordinances of the city of St. Paul create and establish fire limits in the city, within which the city assumes a supervisory control over the kind and character of buildings to be erected therein, and of the alteration and repair of the same. Certain specified kinds or classes of buildings are prohibited from being erected therein, and conditions under which a building within such limits may be altered and repaired are specified and pointed out. A building inspector is provided for, who has control and supervision over such matters. By a fair construction of such ordinances, the inspector is empowered to condemn buildings located within the fire limits whenever, in his judgment, they have been damaged by fire or decay to the extent of fifty per cent. of their value; and when so condemned by him, and when he refuses a permit to make repairs on such a building, it is made unlawful for the owner thereof to make the same. There is no question in this case but that the insured building was within such fire limits, and no question but that the building inspector refused a permit to repair the same after the fire. Nor is there any question but that, without proper and suitable repairs, the building was rendered practically worthless by the

fire. So we are confronted with the question as to the effect of such ordinances, and the action of the inspector thereunder, on the contract of insurance.

The question is a new one in this state, and an examination of the books discloses very few adjudged cases on the subject in other states. We have found only the following: Hamburg v. Garlington, 66 Tex. 103, 18 S. W. 337; Brady v. N. W. Ins. Co., 11 Mich. 425, 445; Brown v. Royal, 1 El. & El. 853; Fire v. Rosenthal, 108 Pa. St. 474, 1 Atl. 303; Monteleone v. Royal, 47 La. An. 1563, 18 South. 472. These authorities lay down the rule that such ordinances are a part of the contract of insurance, and that the insurer is bound thereby. This is in line with the general doctrine that, where parties contract upon a subject which is surrounded by statutory limitations and requirements, they are presumed to have entered into their engagements with reference to such statute, and the same enters into and becomes a part of the contract. There would seem to be no logical reason why this general rule should not apply to a case of this kind. The parties are presumed to know of the ordinances. They directly and materially affect their rights in case of a loss under the policy, and should govern and control in the adjustment and settlement of such loss. 4 Joyce, Ins. § 3170, states the law as follows:

"If the policy be upon a building of such material and character, and situation with relation to fire limits, that it cannot be repaired because of a city ordinance prohibiting repairs to such buildings within fire limits when damaged to the extent of one-third their value by fire, * * * the insurers are prevented from repairing, and a recovery may be had for a total loss."

To this may be added the qualification that, if what remains of the building after the fire be of any value over and above the cost and expense of removing it, such excess value must be deducted from the recovery. The evidence on this subject is that the building was of no value whatever over and above what it would cost to take it down and remove it from the lot.

There can be no question as to the authority of the city to enact the ordinances in question. They are in the interests of the public welfare and within the police power, and we adopt the view that they become an integral part of all contracts of insurance upon

property within the fire limits to which they apply. Counsel for defendant does not seriously contend to the contrary. His main contention is that the inspector of buildings had no authority to condemn the building, or to refuse a permit to repair the same. As we have already stated, a fair and reasonable construction of the ordinances gives the inspector such power; and, when he determines that a damaged building shall not be repaired, it is unlawful to repair the same. He reached such determination in this case, and refused permission to repair the building, and for this reason plaintiff contends that his loss was total. Applying the rule of the cases cited, it follows that he is correct in his position; for the evidence is sufficient to warrant the jury in finding that the building was worthless without being repaired to a considerable extent, and that the value of what remained after the fire did not exceed what it would cost to remove the same from the lot. Therefore, by the refusal of the inspector to permit him to repair the building, his loss was total.

Another question is involved in this connection, and that is, how far is the determination of the inspector that the building was damaged to the extent of fifty per cent. of its value conclusive? The ordinance provides that, when the owner of the building "objects to the conclusion arrived at by the inspector," arbitrators shall be appointed, who are required to proceed and re-examine the matter and make due report. But in this case no objection was made to the conclusion of the inspector, either by the insured or insurer, and arbitrators were not called upon to act. And whether the determination of the inspector, or that of the arbitrators when appealed to, is final or not, we need not determine. In any event, the decision of those officers should be disturbed only upon very clear grounds. Monteleone v. Royal, supra.

The question was not argued by counsel, and we regard it of too much importance to be decided without full argument and due reflection. Conceding, for the purposes of this case, that the decision of such officers is not final and conclusive, and is open to judicial review, and may be impeached for fraud, collusion, or mistake, we are clearly of the opinion that the evidence is wholly insufficient to impeach it. The burden to overturn it was upon the defendant, be-

cause defendant alone called it in question. Plaintiff acquiesced therein. There is no suggestion of fraud, mistake, or collusion; and the only evidence offered by the defendant which would have any tendency in the direction of impeaching it was the estimate of the cost of repairing the building, which was made by a builder soon after the fire. Such evidence, even if it had been admitted, would be insufficient, standing alone as it does, to overturn the judgment of the inspector. But such evidence was not offered for the purpose of impeaching the determination of the inspector, but on the theory that the building could be repaired, and that the cost of such repairs was the measure of defendant's liability. This theory was erroneous, as we have already seen.

We have examined all of appellant's assignments of error not necessarily covered by the main questions, and find no reason for disturbing the verdict.

Order affirmed.