TARRANT P. KING & others, trustees, *vs.* NIAGARA FIRE INSURANCE COMPANY.

SAME *vs.* CAPITAL FIRE INSURANCE COMPANY.

SAME *vs.* WILLIAMSBURGH CITY FIRE INSURANCE COMPANY.

SAME *vs.* AETNA INSURANCE COMPANY.

SAME *vs.* AMERICAN INSURANCE COMPANY.

SAME *vs.* PHOENIX ASSURANCE COMPANY, LIMITED.

SAME *vs.* MICHIGAN COMMERCIAL INSURANCE COMPANY.

SAME *vs.* GERMAN AMERICAN INSURANCE COMPANY.

SAME *vs.* GERMAN ALLIANCE INSURANCE COMPANY.

SAME *vs.* COMMERCIAL UNION ASSURANCE COMPANY, LIMITED.

Suffolk.    October 23, 1919. — January 6, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Insurance,* Fire.  *Building Laws.*

A policy of insurance in the Massachusetts standard form against loss or damage caused by fire contained a clause, entitled, "Demolition and Increased Cost

of Construction," which, for an additional premium paid, provided that the insurer would be liable "for loss or damage occasioned by the enforcement of any State or Municipal law or ordinance regulating the construction or repair of buildings . . . which necessitates, in rebuilding, the demolition of any portion of the insured premises which has not suffered damage under this policy," and also "for the additional cost of repair or re-construction, due to the enforcement of such law or ordinance, of portions of the insured premises which have suffered damage." *Held,* that the clause did not apply where the insured premises were destroyed entirely.

The policy above referred to provided, "This Company shall not be liable for loss under this policy beyond the actual value of the insured property . . . at the time any loss or damage occurs," and also contained a clause, called a "Disclaimer," which provided that, unless the policy were otherwise modified, the insurer's liability should be restricted to "the actual value of the property . . . at the time" of the loss or damage, or to the cost of repair, using material of like kind and quality, and excluding "loss occasioned by ordinance or law regulating construction or repair of buildings." The insured property was totally destroyed and, because of a municipal ordinance, the cost of replacing the property would be in excess of its value at the time of the fire and also in excess of the amount of the policy. *Held,* that by the provisions of the policy and of St. 1907, c. 576, § 57, recovery must be limited to the value of the property at the time of the fire.

TEN ACTIONS OF CONTRACT upon policies of insurance against fire to recover a loss sustained by the plaintiff by reason of the burning on June 29, 1917, of a wooden frame building on Elkins Street near L Street in the part of Boston called South Boston. Writs dated October 22, 1917.

In the Superior Court the cases were heard together by *Raymond, J.,* without a jury, upon an agreed statement of facts. The facts agreed to were substantially as follows:

Each of the policies was in the Massachusetts standard form prescribed by St. 1907, c. 576, § 60, and each purported to cover "On frame building including foundations situate on southerly side of Elkins Street, South Boston, Massachusetts, and known as Building No. 5," and to each was attached and made a part thereof a "Disclaimer Clause" and a "Demolition and Increased Cost of Construction Clause."

The "Disclaimer Clause" read as follows: "In consideration of the reduced rate at which this policy is written it is stipulated and made a condition of this contract that, unless such liability is assumed by rider attached to this policy, this Company shall not be liable for loss under this policy beyond the actual value of the property herein described at the time any loss or damage

occurs, nor beyond what it would then cost the assured to repair said property, or to restore it to the condition in which it was immediately before such loss occurred, using material of like kind and quality, and in either case making suitable allowance for depreciation from any cause; nor for loss occasioned by ordinance or law regulating construction or repair of buildings."

The clause as to "Demolition and Increased Cost of Construction" read as follows: "In consideration of $          additional premium this Company shall be liable, in case of loss or damage under this policy, for loss or damage occasioned by the enforcement of any State or Municipal law or ordinance regulating the construction or repair of buildings and in force at the time such loss occurs which necessitates, in rebuilding, the demolition of any portion of the insured premises which has not suffered damage under this policy, and this Company shall also be liable for the additional cost of repair or re-construction, due to the enforcement of such law or ordinance, of portions of the insured premises which have suffered damage, but the total liability of this Company under this policy shall not exceed the amount for which this policy is issued, nor such proportion of the actual value, prior to the fire, of the property insured hereby, nor of any loss thereto, as the amount of this policy bears to the total insurance covering on the property described in this policy, whether such insurance all contains the foregoing clause, or is on the same interest as that described in this policy, or not. If this policy covers more than one building the foregoing liability shall attach to each building separately, not exceeding the amount specifically insured thereon, or if it does not attach on each building in a specific amount, in proportion as the sound value of each building bears to the sound value of all." An additional premium was paid for the attachment of this clause to each policy.

The building was located within the "fire district," so called, established by the city council of Boston by chapter 4 of the Ordinances of 1913, as the result of which, after said fire, it was impossible to reconstruct the building with the same materials with which it was originally constructed.

The actual value of the building immediately before the fire was $4,503.

It was agreed that if, upon the foregoing facts, as matter of law under the provisions of the policies and the clauses attached thereto, the plaintiffs were entitled to recover, not exceeding the total insurance, the cost of reconstruction of a building of dimensions and plan like to that which burned, but of first or second class construction as defined by St. 1907, c. 550, § 11, judgment was to be entered for the plaintiff in each case for the amount of the policy issued by the defendant in that case, together with interest thereon from the date of the writ, to wit, October 22, 1917; and that, otherwise, judgments were to be entered for the plaintiffs against the respective defendants in the following amounts with interest: Niagara Fire Insurance Company, $900.60; Capital Fire Insurance Company, $675.45; Williamsburgh City Fire Insurance Company, $225.15; Aetna Insurance Company, $675.45; American Insurance Company, $225.15; Phoenix Assurance Company, Limited, $225.15; Michigan Commercial Insurance Company, $450.30; German American Insurance Company, $337.72; German Alliance Insurance Company, $225.15; Commercial Union Assurance Company, Limited, $337.73: making the entire amount to be recovered under such a ruling, $4,277.85, together with interest.

It was stated in the agreed statement of facts that the amounts of the policies issued by the defendants, respectively, were as follows: Niagara Fire Insurance Company, $2,000; German Alliance Insurance Company, $1,500; Aetna Insurance Company, $1,500; Capital Fire Insurance Company, $1,500; Michigan Commercial Insurance Company, $1,000; German American Insurance Company, $750; Commercial Union Assurance Company, Limited, $750; American Insurance Company, $500; Phoenix Assurance Company, Limited, $500; Williamsburgh City Fire Insurance Company, $500.

The judge ruled that the plaintiffs were entitled to recover, not exceeding the entire amount of the insurance, the cost of reconstruction of a building of dimensions and plan like to that which had been burned, but of first or second class construction as defined by St. 1907, c. 550, § 11, found for the plaintiffs in each action for the amount of the policy and interest, and reported the cases to this court for determination.

The cases were submitted on briefs.

*F. W. Brown & W. L. Came,* for the defendants.

*A. M. Lyon,* for the plaintiffs.

RUGG, C. J.   These are actions at law upon ten policies of fire insurance to recover damages for the loss sustained by the plaintiffs from the total destruction by fire of a wooden frame building, situated within the "fire district" so called in Boston, and hence affected by municipal laws and ordinances whereby it is impossible to reconstruct the building with the same materials with which it was originally constructed.

It is agreed that the actual value of the building immediately before the fire was $4,503, and that, provided the plaintiffs are entitled to recover on the footing of cost of reconstruction of a building of dimensions and plan like that which was burned, of material such as now is required by St. 1907, c. 550, § 11, judgment is to be entered in their favor for sums aggregating $10,000, being the sum of the policies, with interest.   The question presented is, which of these two amounts are they entitled to recover. The answer to that question depends upon a correct construction of the terms of the policies of insurance.

All the policies are in the Massachusetts standard form.   Each policy, however, contains two additional or supplemental clauses termed respectively the "Disclaimer Clause" and the "Demolition and Increased Cost of Construction Clause."   The first of these in substance restricts the liability of the insurer in case of loss or damage, unless otherwise modified, to "the actual value of the property" at the time, or to the cost of repair using material of like kind and quality, and excludes "loss occasioned by ordinance or law regulating construction or repair of buildings."   This clause standing alone has the effect of limiting the liability of the insurer, in cases where there is partial loss, to the cost of repairs, eliminating all consideration of any requirements of building laws. It modifies what would otherwise be the liability of the insurer without such a provision as declared in *Hewins* v. *London Assurance Corp.* 184 Mass. 177, where it was held that, in assessing damages arising from a partial loss, increased cost of repair occasioned by building laws might be considered.   That limiting clause of the insurance policy, however, does not stand alone.   There is attached to each policy a further clause called "Demolition and Increased Cost of Construction."   It there is provided that the

insurer shall be liable "for loss or damage occasioned by the enforcement of any State or Municipal law or ordinance regulating the construction or repair of buildings . . . which necessitates, in rebuilding, the demolition of any portion of the insured premises which has not suffered damage under this policy, and . . . for the additional cost of repair or re-construction, due to the enforcement of such law or ordinance, of portions of the insured premises which have suffered damage."

These modifying clauses are permitted by St. 1907, c. 576, § 60, cl. 7. They constitute the agreement of the parties in connection with the standard form of fire insurance policies established by said § 60 and accompanying statutory requirements. The construction of the "Demolition and Increased Cost of Construction" clause is plain. It covers two classes of cases. (1) The first class is where fire damages or destroys a part only of the insured premises and, by reason of requirements of the building law or ordinance, it becomes necessary to demolish the whole or any part of the premises insured but not directly affected by the fire, in order to rebuild the part of the insured premises directly affected by the fire. This class manifestly includes cases where the fire causes either total or partial loss of the portion directly affected by the fire, leaving a portion of the insured premises which has not suffered direct damages by the fire. (2) The second class is where there is additional cost of repair or reconstruction "of portions of the insured premises" damaged by the fire. This class clearly refers only to instances of partial loss of the insured premises. It is only in cases of partial loss that there can in the nature of things be a "repair or re-construction . . . of portions of the insured premises which have suffered damage."

Neither of these classes includes the total loss of all the insured premises such as has befallen in the present cases. That class of cases is wholly unaffected by these two supplemental and modifying clauses. Cases of total loss are left to be governed by the other provisions of the policies of insurance. Cases of total loss are covered precisely by a provision in the standard form of insurance to the effect that "This company shall not be liable beyond the actual value of the insured property at the time any loss or damage happens." That provision in the standard form is but the embodiment of the provisions of § 57 of the insurance act, to the

effect that "If buildings insured against loss by fire, and situated within this Commonwealth, are totally destroyed by fire, the company shall not be liable beyond the actual value of the insured property at the time of the loss or damage." *Second Society of Universalists* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 523. This is the effect also of the "Disclaimer Clause," to which reference has been made.

The circumstance that the aggregate amount of the policies is slightly more than double the entire value of the building is of no significance on the amount of loss recoverable in the event of the total destruction of the building insured, which has occurred in the cases at bar.

The result is that the ruling was erroneous. Judgment should be entered in favor of the plaintiffs in the amounts specified in the stipulation of the parties, aggregating $4,277.85, together with interest thereon from October 22, 1917.

*So ordered.*