RUTHERFORD et al. v. ROYAL INS. CO., Limited, et al.

(Circuit Court of Appeals, Fourth Circuit. April 20, 1926.)

No. 2462.

**1. Insurance ⟜493—Fire which, combined with antecedent defects, renders building incapable of repair under building ordinances, creates total loss.**

Insurer of an old building assumes the risk that injury by a fire that only partially destroys the building may, combined with antecedent defects due to its age, render it incapable of repair under building ordinances, and in such case the loss is total.

**2. Insurance ⟜668(10)—Where building partially destroyed by fire was condemned and torn down, becoming total loss to owner, it was a question for jury whether such loss was result of the fire.**

Where an insured building, admittedly of the value of $21,000, and rented for $5,000 a year, was damaged by fire to the extent of $4,000, but after the fire was condemned by the municipal authorities, who refused to permit its repair, and ordered it torn down, becoming a total loss to insured, it was a question for the jury whether such loss was not the result of the fire, though in part due to the previous condition of the building.

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville; Edwin Y. Webb, Judge.

Action at law by Laura W. Rutherford and another against the Royal Insurance Company, Limited, and the Liverpool & London & Globe Insurance Company, Limited. From the judgment, plaintiffs bring error. Reversed and remanded.

Julius C. Martin, of Washington, D. C. (J. G. Merrimon, Martin, Rollins & Wright, and Merrimon, Adams & Adams, all of Asheville, N. C., on the brief), for plaintiffs in error.

Daniel MacDougald, of Atlanta, Ga. (R. R. Williams, of Asheville, N. C., King, Spalding, MacDougald & Sibley, of Atlanta, Ga., and Jones, Williams & Jones, of Asheville, N. C., on the brief), for defendants in error.

Before WADDILL, and PARKER, Circuit Judges, and McDOWELL, District Judge.

PARKER, Circuit Judge. Two actions were instituted by Mrs. Laura W. Rutherford and the United Cigar Stores Company, one against the Royal Insurance Company to recover on a fire insurance policy, insuring a building of Mrs. Rutherford for the sum of $4,000, and the other against the Liverpool & London & Globe Insurance Company to recover on two policies for the aggregate sum of $15,000 insuring the same building. The two actions involved the same issues and were by consent tried together as one action. The jury, under the instruction of the court, returned a verdict for the plaintiffs in the consolidated cases for the sum of $4,000, and plaintiffs bring this writ of error.

The policies in suit were issued on a three-story brick building in the principal business section of the city of Asheville, N. C. It belonged to Mrs. Rutherford, and was leased to the United Cigar Stores Company for a term of 15 years from May 5, 1915, at an annual rental of $5,000. It was occupied by the Cigar Stores, a shoe store, a barber shop, a tailoring establishment, a dentist, and a men's furnishing store. A fire occurred on February 14, 1924, which so damaged the building that it was no longer habitable or usable for any purpose. On February 16th, two days after the fire, a committee appointed by the board of commissioners of Asheville inspected the building and recommended its condemnation and removal. On February 18th the board adopted and approved the report of this committee and directed that Mrs. Rutherford be notified to raze and remove the building at once. This notice was served on her the following day. On March 7th she made application to the board for a permit to repair and restore the building, but on the following day this application was denied, and she proceeded shortly thereafter to tear down and remove the building in accordance with the notice which had been served upon her.

The contention of Mrs. Rutherford was that she sustained a total loss of the building as the result of the fire; that before the fire occurred she had a building full of tenants bringing her in an annual income of $5,000; that after the fire, and as a result thereof, the building was uninhabitable and in such a condition that it had to be torn down. The contention of the defendants was that Mrs. Rutherford had not sustained a total loss as a result of the fire; that the fire, as a matter of fact, had caused but little damage; and that it had merely revealed, and not caused, the condition which led to its being torn down. An agreement was entered

into between Mrs. Rutherford and the companies, in which the sound value of the building prior to the fire was fixed at $21,000, and the physical damage to the building was fixed at $4,000, but with the express reservation on the part of Mrs. Rutherford that she should not be precluded thereby from claiming a total loss under the policies.

The policies were in the standard form. Defendants rely particularly upon the language of the insuring clause, which provides that the company "does insure Laura W. Rutherford and legal representatives to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law, regulating construction or repair and without compensation for loss resulting from interruption of business or manufacture, * * * against all direct loss and damage by fire." They also rely upon the clause as to hazards not covered as follows: "This company shall not be liable for loss or damage caused directly or indirectly by invasion, insurrection, riot, civil war, or commotion, or military or usurped power, or by order of any civil authority."

Defendants admitted liability under the policies for the sum of $4,000, the amount of the physical damage agreed upon, and the court directed a verdict for that amount. This writ of error, therefore, presents but one point for our consideration: Was there sufficient evidence to go to the jury on the question of total loss? We think that there was.

[1] The question in the case, which is one of fact, is whether, as a result of the fire, the building was so damaged that it could not be repaired under the building laws of the city, and consequently had to be torn down, or whether the fire merely revealed, and did not cause, the damaged condition. If the fire resulted in the condition which necessitated the destruction of the building, and which, because of local ordinances, made impossible its repair, the insured was entitled to recover as upon a total loss. The rule, as we understand it, is well stated in Corpus Juris as follows:

"If by reason of public regulations as to the rebuilding of buildings destroyed by fire, such rebuilding is prohibited, the loss is total, although some portion of the building

12 F.(2d)—56

remains which might otherwise have been available in rebuilding. So, also, if the insured building is so injured by the fire as to be unsafe and is condemned by the municipal authorities, the loss is total." 26 C. J. 351; Monteleone v. Royal Ins. Co., 47 La. Ann. 1563, 18 So. 472, 56 L. R. A. 784; Hamburg–Bremen Fire Ins. Co. v. Garlington, 66 Tex. 103, 18 S. W. 337, 59 Am. Rep. 613; Larkin v. Glens Falls Ins. Co., 80 Minn. 527, 83 N. W. 409, 81 Am. St. Rep. 286; Hewins v. London Assur. Corp., 184 Mass. 177, 68 N. E. 62; King v. Niagara Fire Ins. Co., 234 Mass. 301, 125 N. E. 572.

The defendants contend, however, that this rule has no application here, because, they say, the condition which brought about the destruction of the building and prevented its repair was not the result of the fire, but of conditions existing prior thereto. Of course, if the fire did not cause, either in whole or in part, the condition which necessitated the destruction of the building and prevented its repair, defendants would not be liable as upon a total loss. But, on the other hand, if, because of the antecedent condition, the fire did cause a total loss, by rendering the building unfit for occupancy and incapable of being repaired, the defendants would be liable as upon a total loss, even though it should appear that, but for the antecedent weakened and impaired condition, the fire would not have produced such result. In such case "it makes no difference that the condition after the fire is due in part to causes existing before." 14 R. C. L. 1303.

The case of Monteleone v. Royal Ins. Co., supra, involved a similar situation to the case at bar, and the rule applicable and the reason therefor is well stated in that case as follows: "Is not the assured entitled, under any interpretation of the policy, to some other and better indemnity for a loss by fire than the cost of repairs on the building, that cannot be made safe by any repairs? A total loss may be claimed though the walls of a building stand and the elements that composed it be not entirely consumed. It is the same, we think, when the insured building cannot be made secure by repairs. Nor will it make any difference in such cases of constructive total loss, that the condition after the fire is due, in part, to causes existing before. Such cases are deemed the remote, not the proximate, causes of the loss. The insurer taking a risk on an old, and in this instance an insecure, building, incurs the obligation to pay for a total loss if the injuries by the fire, combined with antecedent defects, make repairs impracticable. The

value of the old building at the time of the fire is the measure of the indemnity promised by the policy." 47 La. Ann. 1568, 18 So. 473, 56 L. R. A. at 789.

[2] In this case, there is no dispute as to the fact that insured sustained a total loss of her building. The dispute concerns the cause of the loss. It seems to us that the evidence warrants the conclusion that the loss was occasioned by the fire. Prior to the fire, the building was standing uncondemned. It was filled with tenants, from whom Mrs. Rutherford was receiving rent amounting to $5,000 per year. Defendants admit that at that time it was worth $21,000. As a result of the fire, the building was no longer habitable. It immediately ceased to bring in rents, repairs were forbidden, and it was condemned and ordered to be torn down. It needs no argument to show that Mrs. Rutherford sustained a total loss of her property, and a reasonable inference is that she sustained it as a result of the fire. Even though the building was weak and frail beforehand, nevertheless if, but for the fire, it would have continued to have value as rentable property, and if it was so damaged by the fire that it ceased to have any value whatever, the fire was the proximate cause of the loss, the producing cause, without which it would not have occurred.

In view of the admission by the defendants that the sound value of the building immediately prior to the fire was $21,000, it would seem that they are precluded from contending that its admittedly worthless condition immediately following the fire was due wholly to its antecedent condition. This admission, when considered with the undisputed evidence as to the worthless condition after the fire, would indicate that this condition was the result of the fire occurring in an old and insecure building, and that the fire did not merely reveal the condition of a building already worthless, but, in conjunction with antecedent defects, rendered worthless a building which prior thereto had a value of $21,000. At all events, these were circumstances to go to the jury, with the other evidence, on the question as to whether there was a total loss of the building as a result of the fire.

We are not impressed with the argument that, because, under the language of the insuring clause above quoted recovery is limited to the repair or replacement of the damaged property, no more can be recovered in this case than what would have been the cost of replacing the burned parts of the building, if repairs had been allowed. In the first place, the argument begs the question. If it be granted that the recovery must be limited to the cost of repairing or replacing the property damaged, without reference to building laws, it by no means follows that it should be limited to the replacing of burned parts of the building. If the building was burned to such an extent as to necessitate its destruction, then the cost of repairing and replacing would extend to the entire building, and not merely to the cost of making repairs, which it would not be possible to make. In the second place, we think that the clause relied upon by defendants was intended to apply to cases of partial destruction and not to cases of total loss, where the measure of recovery is the actual cash value of the property destroyed. King v. Niagara Ins. Co., 234 Mass. 301, 125 N. E. 572; Second Society of Universalists v. Royal Ins. Co., Ltd., 221 Mass. 518, 109 N. E. 384, Ann. Cas. 1917E, 491. The question, therefore, comes back to the original question as to whether the fire caused a total loss.

From what has been said, it follows that the District Court was in error in refusing to submit the question of total loss to the jury, and the judgment is accordingly reversed, and the case remanded for a new trial.

Reversed.