### CITY OF NEW YORK FIRE INS. CO. et al.
### v. CHAPMAN et al.
### No. 5344.

Circuit Court of Appeals, Seventh Circuit.
March 26, 1935.

H. O. Wolfe and F. J. Hart, both of Milwaukee, Wis., for appellants.

Harry L. Butler and Byron H. Stebbins, both of Madison, Wis., for appellees.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an appeal from a judgment in favor of appellees upon their motion for judgment on the pleadings on the ground that appellants' answer did not constitute any defense to the complaint. Appellants assign as error the ruling of the court granting appellees judgment on the pleadings and refusing judgment in favor of appellants in accordance with the prayer contained in their answer.

Appellee, Frances B. Chapman, was the owner of a building in Madison, Wis., on which she carried insurance against loss by fire in the appellant companies. The insurance contract was the standard statutory form, provided by section 203.06 of the Wisconsin Statutes, in the amount of $18,500. Appellee Anchor Savings Building & Loan Association held a mortgage on the property, and each of the policies in question contained a mortgage clause making the loss payable to the mortgagee.

A fire occurred in the property on December 29, 1932, doing damage to the extent of 66.486 per cent. An ordinance of the city of Madison, in effect at the time of the issuance of the policies and thereafter, up to and including the time of the fire, provided that wooden buildings within the fire limits, which were damaged to the extent of 50 per cent. or more of their value, should not be repaired but demolished upon the order of the commissioner of buildings. In accordance with this ordinance, the commissioner ordered the building demolished.

The provisions of the Wisconsin statute pertinent to the question before us are as follows:

"Section 203.01. * * * In consideration of the stipulations herein named and of ...... dollars premium does insure ...... and legal representatives, to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair * * * against all direct loss and damage by fire. * * *

"Section 203.21. Whenever any policy insures real property and the property is wholly destroyed, without criminal fault on the part of the insured or his assigns, the amount of the policy shall be taken conclusively to be the value of the property when insured and the amount of loss when destroyed."

Appellants demanded an appraisal which was participated in by appellees under reservation of their right to assert that the appraisal was of no effect since the property was wholly destroyed within the meaning of 203.21, Wisconsin Statutes, so that the amount of insurance written in the policies was conclusive as to the true value. The appraisers found that the sound value of the property before the fire was $16,-150, and the amount of the loss was $10,-747.48. Appellants duly offered appellees their respective shares of the loss as fixed by the appraisers, which was refused. Appellees demanded from each of appellants the full face amount of their respective policies. Their demand was refused. All of these facts were set forth in the complaint. The answer of appellants contended that the extent of their liability was determined by the amount of the appraisers' award. Appellees moved for judgment on the pleadings, which was granted, and appellants brought this appeal.

The sole issue is whether the property insured was "wholly destroyed" within the meaning of the Wisconsin Valued Policy Law providing for the recovery of the total amount of insurance "whenever any policy insures real property and the property is wholly destroyed."

The facts of this case are, in all material respects, identical with those in Rutherford v. Royal Ins. Co. (C. C. A.) 12 F.(2d) 880, 881, 49 A. L. R. 814. In that case, the court held that if the fire resulted in a condition which necessitated the destruction of the building, and, because of local ordinances, its repair was made impossible, the insured was entitled to recover as upon a total loss. The court said:

"The rule, as we understand it, is well stated in Corpus Juris as follows:

"'If by reason of public regulations as to the rebuilding of buildings destroyed by fire, such rebuilding is prohibited, the loss is total, although some portion of the building remains which might otherwise have been available in rebuilding. So, also, if the insured building is so injured by the fire as to be unsafe and is condemned by the municipal authorities, the loss is total.' 26 C. J. 351; Monteleone v. Royal Ins. Co., 47 La. Ann. 1563, 18 So. 472, 56 L. R. A. 784; Hamburg-Bremen Fire Ins. Co. v. Garlington, 66 Tex. 103, 18 S. W. 337, 59 Am. Rep. 613; Larkin v. Glens Falls Ins.

Co., 80 Minn. 527, 83 N. W. 409, 81 Am. St. Rep. 286; Hewins v. London Assur. Corp., 184 Mass. 177, 68 N. E. 62; King v. Niagara Fire Ins. Co., 234 Mass. 301, 125 N. E. 572. * * *

"In this case, there is no dispute as to the fact that insured sustained a total loss of her building. The dispute concerns the cause of the loss. It seems to us that the evidence warrants the conclusion that the loss was occasioned by the fire. Prior to the fire, the building was standing uncondemned. It was filled with tenants. * * * As a result of the fire, the building was no longer habitable. It immediately ceased to bring in rents, repairs were forbidden, and it was condemned and ordered to be torn down. It needs no argument to show that Mrs. Rutherford sustained a total loss of her property, and a reasonable inference is that she sustained it as a result of the fire. Even though the building was weak and frail beforehand, nevertheless if, but for the fire, it would have continued to have value as rentable property, and if it was so damaged by the fire that it ceased to have any value whatever, the fire was the proximate cause of the loss, the producing cause, without which it would not have occurred."

Appellants contend that in deciding the Rutherford Case, supra, the court did not consider the contention which they make here, that the "valued policy" provision is in conflict with the "limitation of liability clause" contained in the statutory compulsory standard policy, to the effect that the recovery shall not exceed the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss or damage, "without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair. * * *" In our opinion, the use of the words "repair" and "reconstruction" rather than "build" or "construct" in this section of the policy are persuasive of the fact that it was not intended to apply where the building has been wholly destroyed. Such is also the interpretation of the Wisconsin Supreme Court. Reilly v. Franklin Ins. Co., 43 Wis. 449, 28 Am. Rep. 552; Thompson v. Citizens' Ins. Co., 45 Wis. 388; Fox v. Milwaukee Mechs. Ins. Co., 210 Wis. 213, 246 N. W. 511.

The judgment is affirmed.