181 So.2d 692 (1966)
NETHERLANDS INSURANCE COMPANY, a corporation, Appellant,
v.
Mary FOWLER, Appellee.
No. 5516.
District Court of Appeal of Florida. Second District.
January 12, 1966.
*693 James M. Adams, of Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
William M. Holland, of Holland & Smith, West Palm Beach, for appellee.
ANDREWS, CHARLES O., Jr., Associate Judge.
This is an appeal by Netherlands Insurance Company, Defendant, from a final judgment ordering payment of the insured value of $10,000 to the insured, Mary Fowler, Plaintiff, under a fire insurance contract. The action was tried before the judge sitting without a jury.
The subject policy provided coverage to the extent of the actual cash value at the time of the loss, but not exceeding the amount it would cost to repair or replace the property with materials of like kind and quality and without any allowance for increased costs of repair or construction by reason of any ordinance or law regulating construction or repair.
The insured building was severely damaged by fire, and the City refused to allow the building to be repaired and ordered it demolished upon the premise that it was unrepairable and dangerous. The insurance company appraised the damage caused by fire at $4,619.69, and tendered this amount. The insured refused to accept the tender and sued for $10,000.00 face amount of the policy. The trial judge found that the insured was entitled to be compensated upon the basis of total destruction of the building.
The insurer contends that the trial court incorrectly applied F.S.A. Sec. 627.0801(1), in that said statute involves "total loss by fire" and that the building here was only partially destroyed by fire. It further contends that the fire damage was repairable, that the total destruction of the building was caused by operation of city building codes rather than the fire, that the exculpatory clause in the contract excludes liability for losses occasioned by ordinances regulating construction.
The insured contends, on the other hand, that the fire was the cause of the condition of the building which prompted its condemnation by the City, and that under the Valued Policy Law, F.S.A. Sec. 627.0801(1), the insurance company was liable for the face amount of the policy.
The parties have not found nor have we been able to find a ruling directly on this question by the appellate courts of this State. Therefore, we must first determine if the insured has sustained a loss as a result of the fire, which is the peril insured against as defined in Springfield Fire and Marine Insurance Co. v. Boswell, Fla.App. 1964, 167 So.2d 780. Secondly, we must determine if the loss to the insured was total. The fire damaged the building to the extent that the City found it unrepairable without any finding as to what repairs, if any, could be made to avoid the order of condemnation.
We agree with the trial court which found the building a total loss under the circumstances of this case, and that the value policy statute applied, F.S.A. 627.0801(1). Rutherford v. Royal Insurance Co., Ltd., 4 Cir.1926, 12 F.2d 880, 49 A.L.R. 814. Mondzelwski v. Fidelity and Guaranty Insurance Corp., 1954, 48 Del. 441, 105 A.2d 787. Also see cases collected under the annotation in 90 A.L.R.2d 790. There are holdings to the contrary, including, Hewins v. London Assurance Corporation, Mass. 1930, 184 Mass. 177, 68 N.E. 62, which we have carefully considered.
Affirmed.
ALLEN, C.J., and SMITH, SHERMAN N., Jr., Associate Judge, concur.