No. 18,448.

THE AMUSEMENT SYNDICATE COMPANY et al., *Appellees*, v. THE MILWAUKEE MECHANICS INSURANCE COMPANY, *Appellant*.

No. 18,449.

THE AMUSEMENT SYNDICATE COMPANY et al., *Appellees*, v. THE PRUSSIAN NATIONAL INSURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

INSURANCE—*Against Loss of Rent—Provisions of Policy— Time Required to Rebuild—Computation of Loss.* A policy insuring the owner of a building used for a theater, stores, and offices, against loss of rent in case the building should be rendered untenantable by fire provided that in case the structure were rebuilt loss should be computed from the date of the fire and should cease when the building was rendered tenantable. It further provided that if the owner should elect not to rebuild, the loss should be determined by the time which would have been required for that purpose. The building was destroyed by fire. It could not be rebuilt and an office building was erected instead. *Held,* the loss is to be computed by the arbitrary rule of the policy without taking into account time for proof of loss, time for the removal of debris, and delay incident to inclement weather occurring in the season following the fire.

Appeals from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed December 6, 1913. Modified.

*Eugene S. Quinton,* of Topeka, for the appellants.

*David W. Mulvane, Charles E. Gault,* and *D. R. Hite,* all of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The defendant insured the plaintiff against loss of rent for a building used for a theater,

stores and offices should it be rendered untenantable by fire. The policy contained the following provision:

"It is understood and agreed that in case the above-named building, or any part thereof shall be rendered untenantable by fire, this company shall be liable to the assured for the actual loss of rents incurring therefrom, but only as such loss shall be ascertained and estimated by the assured and this company, or, if they differ, by appraisers in the manner provided in this policy and not exceeding the sum insured; the assured agreeing to rebuild or repair said premises in as short a time as the nature of the case will admit. Loss to be computed from the date of the occurrence of said fire and cease on said building being rendered tenantable; and in case the assured shall elect not to rebuild or repair the premises, then the loss of rent shall be determined by the time which would have been required for said purpose."

The building was destroyed by fire and the circumstances were such that it could not be reconstructed according to the original plan. Therefore it was replaced by a store and office building.

On the occasion of a former appeal to this court the following order was made:

"The judgment is affirmed as to findings of liability and the rate of indemnity per month, and as to the allowance of the attorneys' fee, but remanded for a determination of the time it would have taken to reconstruct the old building, and the modification of the amount of recovery accordingly." (*Syndicate Co. v. Insurance Co.*, 85 Kan. 367, 378, 116 Pac. 620.)

On return of the cause the district court made the following findings of fact:

"3. By the terms of the contracts of insurance on the building the insured had sixty days within which to make proof of loss, and the insurance companies thirty days after proof of loss was made within which to make election to pay or rebuild. Proof of loss was made November 1st, 1906. There is no evidence of an election by the insurance companies within such time.

"4. December 1st, 1906, was the earliest date at which the insured was at liberty under the terms of the contract to proceed to let contracts for reconstructing the old opera house.

"5. The evidence shows that it would have taken some four to six weeks to remove the debris, and that the winter season was a favorable time for so doing, but that reconstruction of the opera house could not have been commenced until March 15th to April 1st, 1907, when the building season of the following year opened, and that it would have taken six months after April 1st, 1907, in which to have reconstructed the old opera house, and that a total period of twelve months would have elapsed from the date of the fire before the reconstructed building would have been ready for occupancy.

"6. The amount of damages sustained by plaintiff by reason of actual loss of rents on said Crawford Opera House building was $240 per month, and that the amount for the period necessary to reconstruct an opera house was $2760, which amount exceeds the total amount of the policies sued on in these actions."

The provision of the policy providing for rebuilding in as short a time as the nature of the case would permit, and the provision that loss should be computed from the date of the fire and cease when the restored building became tenantable have no application, because the burned structure was not rebuilt. The situation is the same as if the new office building had not been erected and the ground on which it stands had remained unimproved. According to the policy, if actual reconstruction take place, the amount of the loss depends upon the facts. Loss begins with the fire and ends when a tenantable building again exists. If reconstruction do not take place, the loss is determined by an arbitrary rule which has no reference to the date of the fire, the season of year in which it occurs, the clemency or inclemency of the weather, or other fact or accidental circumstance which might delay actual reconstruction were it attempted. The question then

is, given the plans and specifications of the old building, how long would it take to construct it?

In finding No. 5, the court concluded that the building time necessary for the reconstruction of an opera house like the old one is six months. Therefore the damages recoverable were six times the monthly rent of $240, or $1440.

The judgment of the district court is modified, and the judgment in the companion case of *Syndicate Co. v. Prussian National Insurance Co.* is modified, and the damages are apportioned between the two companies as follows: $576 with interest at 6 per cent per annum from December 24, 1906, against the Milwaukee company, and $864 with interest at 6 per cent per annum from December 24, 1906, against the Prussian company.

WEST, J., not sitting.