## FIRST INV. CO. v. VULCAN UNDERWRITERS OF NORTH BRITISH & MERCANTILE INS. CO., Limited.

District Court, D. Oregon. January 24, 1927.

No. 10027.

John H. Hall, of Portland, Or., for plaintiff.

Veazie & Veazie, of Portland, Or., for defendant.

BEAN, District Judge. This is an action on an insurance policy issued by the defendant covering loss of rental income from a certain building in the city of Portland, the covering clause of which contains the following stipulation: "It is understood and agreed that this policy is intended to cover the loss of net rental income from rented portions of the building above described, resulting from fire which renders such rented portions untenantable. The net rental income, meaning thereby the amount of gross rental income less all expenses, which, by reason of fire, the insured is or may be reliev-

ed of, shall be estimated according to bona fide leases, contracts or agreements in force on the rented portions of the building at the time of fire. The amount of loss, if any, shall be estimated and computed upon the basis of the daily portion of the yearly net rental income derived from the rented portions, from the date of occurrence of the fire to the end of the period that would be required, with due diligence, to restore with material of like kind and quality, the rented portions of the affected building, to the same tenantable condition as existed at the time of the fire. * * * The amount of loss, if any, shall not be limited by the date of expiration named in this policy, but in no event shall this company be liable for more than the amount of the policy."

The building in question was a two and three story wooden structure, and, while the policy was in force, the upper stories were practically destroyed by fire, and other parts of the building so damaged as to be unsuitable for occupancy. At the time of the fire, the second story was occupied by bona fide tenants of the plaintiff under term leases which had not expired. The ordinances of the city prohibited the repair of the second and third stories, and the plaintiff was unable, although making application therefor, to obtain a permit to make such repairs.

It therefore seeks to recover in this action for the loss of rents of the second story for the unexpired portion of the existing leases.

The defendant moves against such alleged causes of action on the ground that there is no statement in either of them as to the length of time which would be required to restore the affected parts of the building to the same tenantable condition as before the fire. The plaintiff insists that such an allegation is unnecessary because the ordinance of the city prohibited the repair, and therefore the measure of its recovery is the rents which it would have received for the unexpired portion of the bona fide leases of the second story if it had not been damaged. In support of this position, reliance is had on a line of authorities, of which Larkin v. Glens Falls Ins. Co., 80 Minn. 527, 83 N. W. 409, 81 Am. St. Rep. 286, Rutherford v. Royal Ins. Co. (C. C. A.) 12 F. (2d) 880, 49 A. L. R. 814, and Brady v. N. W. Ins. Co., 11 Mich. 425, are examples, holding that, where a building covered by insurance against fire is so damaged by fire as to render it practically worthless without expensive repairs, and an ordinance of the city prohibits such repairs, recovery may be had for a total loss, for the reason that the contract is presumed to have been made with reference to the existing ordinances, which enter into and become a part of it.

But here the insurance was not on the building but the rentals thereof, and the contract provided the method by which the loss, if any, was to be ascertained, and that is the length of time from the date of the fire that would be required, with due diligence, to restore the rented portion of the building to the same tenantable condition as at the time of the fire.

The construction of the contract is to be governed by the same principles as applicable to other contracts, and the language used given its ordinary meaning. There is no ambiguity in the language. It plainly provides the rule by which the damages are to be ascertained. The assured was not required to repair the building, but whether it did so or not the liability of the defendant is fixed by the contract, and that must govern. The case at bar is not readily distinguishable from Amusement Syndicate Co. v. Milwaukee Mechanics' Ins. Co., 91 Kan. 67, 136 P. 941; Amusement Syndicate Co. v. Prussian Nat. Ins. Co., 85 Kan. 367, 116 P. 620; or Palatine Ins. Co. v. O'Brien, 107 Md. 341, 68 A. 484, 16 L. R. A. (N. S.) 1055.

The motion to strike out paragraphs 19 to 23, inclusive, is therefore allowed. The motion to make other parts of the complaint more definite and certain is overruled. The complaint sets out the acts done by the plaintiff toward repairing the lower story of the building, and indicates that due diligence was used in doing so.