Argued April 11, reversed and remanded July 2, 1929.

FIRST INVESTMENT CO. *v.* VULCAN UNDERWRITERS OF THE NORTH BRITISH AND MERCANTILE INS. CO.

(278 Pac. 967.)

For appellant there was a brief over the name of *Messrs. Veazie & Veazie,* with an oral argument by *Mr. J. C. Veazie.*

For respondent there was a brief over the name of *Mr. John Hubert Hall,* with an oral argument by *Mr. John H. Hall.*

BERT, J.—This is an action on an insurance policy in the amount of $8,300, covering loss of net rentals of a building located at the corner of Fourth and Yamhill Streets in the City of Portland. Plaintiff had judgment and defendant appeals. The policy issued by the defendant company contained the following stipulation:

"It is understood and agreed that this policy is intended to cover the loss of net rental income from rented portions of the building above described, resulting from fire which renders such rented portions untenantable.

"The net rental income, meaning thereby the amount of gross rental income less all expenses which, by reason of fire the insured is or may be relieved of, shall be estimated according to *bona fide* leases, contracts or agreements in force on the rented portions of the building at the time of fire. The amount of loss (if any) shall be estimated and computed upon the basis of the daily portion of the yearly net rental income derived from the rented portions, from the date of occurrence of the fire to the end of the period that would be required, with due diligence to restore with material of like kind and quality, the rented portions of the affected building, to the same tenantable condition as existed at the time of the fire; said period, in case of disagreement, to be determined by appraisement in the manner provided in the conditions of this policy; such period shall not include such portion thereof as

may be consumed by a strike or by any other delay resulting from causes not within the control either of the insurer or the insured.

"The amount of loss (if any) shall not be limited by the date of expiration named in this policy, but in no event shall this company be liable for more than the amount of this policy."

A fire occurred December 11, 1925, partially destroying the building. The second and third stories were damaged to such an extent that, under a municipal ordinance of the City of Portland, permission to rebuild them was refused. The first story was, however, reconstructed and occupied by tenants of the plaintiff on March 21, 1926. The second story had been occupied by various tenants under unexpired leases varying in length of terms, one of which was for seven years and five months.

In the court below the plaintiff successfully contended that, since it was prevented by municipal ordinance from reconstructing the upper stories, such portion of the building was to be deemed totally destroyed and that recovery could be had for loss of rentals which tenants would have been obliged to pay under unexpired leases. The insurance company insisted that the effect of the ordinance was immaterial and it was liable only for net rentals for that period of time which would have been consumed by plaintiff, in the exercise of reasonable diligence, in reconstructing the building in substantially the same condition it was in prior to the fire. As to the first story, the issue was submitted to the jury as to what was a reasonable length of time in which to render the ground floor suitable for occupancy by tenants. Plaintiff said it reasonably required 100 days. Defendant said it ought to have been done in not to exceed thirty-five days.

Verdict and judgment were had for plaintiff in the sum of $2,247.65, together with interest thereon at six per cent per annum from June 8, 1926. Defendant appeals.

The case was originally tried in the federal court and was dismissed because, after elimination of rentals claimed under unexpired leases, the amount involved did not sustain jurisdiction.

The precise question presented here, relative to extent of liability of the insurance company, was argued in the federal court. Judge ROBERT S. BEAN, a jurist who would grace any bench, in passing on the question upon motion to strike certain parts of the complaint, said:

"The defendant moves against such alleged causes of action on the ground that there is no statement in either of them as to the length of time which would be required to restore the affected parts of the building to the same tenantable condition as before the fire. The plaintiff insists that such an allegation is unnecessary because the ordinance of the city prohibited the repair, and therefore the measure of its recovery is the rents which it would have received for the unexpired portion of the *bona fide* leases of the second story if it had not been damaged. In support of this position, reliance is had on a line of authorities, of which *Larkin* v. *Glenn Falls Ins. Co.*, (80 Minn. 527 [83 N. W. 409, 81 Am. St. Rep. 286]), *Rutherford* v. *Royal Ins. Co.*, (12 Fed. (2d.) 880 [49 A. L. R. 814]), and *Brady* v. *Northwestern Ins. Co.*, (11 Mich. 425) are examples, holding that where a building covered by insurance against fire is so damaged by fire as to render it practically worthless without extensive repairs, and an ordinance of the city prohibits such repairs, recovery may be had for a total loss for the reason that the contract is presumed to have been made with reference to

the existing ordinances, which enter into and become a part of it.

"But here the insurance was not on the building but the rentals thereof, and the contract provided the method by which the loss, if any, was to be ascertained, and that is the length of time from the date of the fire that would be required, with due diligence, to restore the rented portion of the building to the same tenantable condition as at the time of the fire.

"The construction of the contract is to be governed by the same principles as applicable to other contracts, and the language used given its ordinary meaning. There is no ambiguity in the language. It plainly provides the rule by which the damages are to be ascertained. The assured was not required to repair the building but whether it did or not the liability of the defendant is fixed by the contract, and that must govern. The case at bar is not readily distinguishable from *Adjusting Amusement Syndicate* v. *Milwaukee Mechanics' Ins. Co.*, (91 Kan. 67 [136 Pac. 941]), *Amusement Syndicate* v. *Prussian Nat. Ins. Co.*, (85 Kan. 367 [116 Pac. 620]), or *Palatine Ins. Co.* v. *O'Brien*, (107 Md. 341 [68 Atl. 484, 16 L. R. A. (N. S.) 1055])."

A careful consideration of the authorities leads us to the same conclusion reached by Judge BEAN. Plaintiff was entitled to recover for loss of net rentals from date of fire to time when, in the exercise of reasonable diligence, the building could have been restored in substantially the same condition as when destroyed by fire.

It will be noted that the insurance policy expressly provides that the company will not be liable for loss of rentals during such period "as may be consumed by a strike or by any other delay resulting from causes not within the control either of the insurer or the insured." A similar clause was under

consideration in *Palatine Ins. Co.* v. *O'Brien, supra,* and the court said:

"Had there been no other provision in the policy, any loss of rent occasioned by the action of the city authorities in delaying the rebuilding of the premises would have been recoverable under the policies: but the clause which we have transcribed expressly forbids such a recovery. The jury, therefore, should have been instructed that the plaintiff could not recover for rent for the time she was prevented from rebuilding by the action of the city."

The construction of the policy urged by respondent, if adopted, might result in absurdity. What if plaintiff, in lieu of the building destroyed by fire, had erected a ten-story concrete building of an entirely different type from the original structure and had succeeded in obtaining tenants? Could it collect rentals earned by the new building and in addition thereto hold the company liable for net rentals which would have been earned under an unexpired lease for thirty or forty years? The position of respondent will not stand analysis.

We think the court properly submitted to the jury the question as to whether the defendant company was estopped by its conduct from asserting that plaintiff had not commenced action within the stipulated time from date of fire.

Since the case was tried upon the wrong theory and upon what we believe to be an erroneous construction of the policy, it follows that the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

COSHOW, C. J., and BEAN, J., concur.

BROWN, J., absent.