STATE AND TOWN OF HERTFORD v. H. T. SHANNONHOUSE,
AGENT.

(Filed 18 February, 1914.)

**1. Cities and Towns—Fire Districts—Ordinances.**

A town ordinance creating and regulating a fire district within the town is valid when authorized by statute.

**2. Same—Building Permits—Substantial Repair.**

An ordinance passed by a town under authority of a statute provides that no wooden building destroyed by fire, etc., or damaged more than a third, within the fire district, shall be repaired, "except as hereinafter provided," and a further section requires that permits for building and repairing within this fire district shall first be obtained from the town commissioners. *Held,* that a substantial repair cannot be made within such district, though less than "one-third," without obtaining the permit. Repairing a building by renewing piazza thereon is a substantial repair, and a violation of the ordinance if done without the permit.

BROWN, J., dissents.

APPEAL by defendant from *Bragaw, J.,* at October Term, 1913, of PERQUIMANS.

*Attorney-General and Charles Whedbee for the State.*
*P. W. McMullan for defendant.*

CLARK, C. J. This was an action begun in the mayor's court of the town of Hertford for the violation of an ordinance requiring a permit for the repair of wooden buildings within fire limits. From the judgment against him, he appealed to the Superior Court, and on the special verdict in that court was adjudged guilty, and appealed.

The town of Hertford was incorporated, ch. 295, Pr. Laws 1903, which gave the town the powers and duties which are now set out in Rev., ch. 73. By Pr. Laws 1907, ch. 310, the charter was amended to read in part as follows: "Said board of commissioners shall also have full and exclusive control of all regulations relating to protection against fire, and the town of

Hertford shall be exempt from the requirements of subdivision 11, ch. 73, Rev. 1905. Said board of commissioners shall have the right to establish fire limits in said town and prescribe the character of buildings and the materials to be used in any building within the fire limits."

In pursuance of this authority the town specifically prescribed fire limits and passed, among others, the following ordinances:

"Third. Within said district no frame or wooden building already erected, which shall from fire or other cause be destroyed or damaged to the extent of one-third, shall be repaired except as hereinafter provided."

"Fifth. Any person desiring to build, add to, or repair any building within said fire district shall, before any work is done on same, apply to the board of commissioners of the town of Hertford for a permit, presenting with application plans and specifications of the building, additions, or repairs; and no work shall be done on any building or addition until the permit is granted."

It is found in the special verdict that the defendant owned the "Eagle Hotel" property within the said fire district, and after the date of said ordinance, "without making any application to the board for a permit to do so, tore away a part of the piazza to said hotel building in said fire district and replaced same with new timber; that the amount of work so done was very small in comparison to the total value of the building, and less than one-third."

The town of Hertford had authority to prescribe fire limits and enact these ordinances, under the authority conferred by statute. *S. v. Johnson,* 114 N. C., 946; *S. v. Lawing,* 164 N. C., 492; *Fellows v. Charleston,* 62 W. Va., 665.

It is true, it is said in *S. v. Lawing* that the ordinance could not reasonably be construed to prevent small repairs, such as putting in a pane of glass, hanging a door, repairing a broken step, and like matters; and it follows that this ordinance requiring a permit would not require a permit in such cases. But tearing away a piazza and replacing the same with new timber comes within the ordinance, as is decided in *S. v. Lawing.*

---

---

Nor does the provision in section 3 of the ordinance prohibiting a permit to issue for the repair of a frame or wooden building which has been damaged to the extent of one-third excuse the defendant from taking out a license when, as in this case, the repairs, though less than one-third of the cost of the building, are beyond the minor matters of slight repairs which we have mentioned. It is for the purpose of giving the commissioners opportunity to investigate and ascertain the amount and nature of the repairs necessary that section 3 was enacted. The board is not required to give such license in all cases when the damage is less than one-third. In such case issuing license is in the discretion of the board. When the cost of repairs is greater than one-third, the board is prohibited from giving permission. Though section 3 in such case adds "except as hereinafter provided," there is no subsequent provision, while section 5 provides, without exception, "No work shall be done on any building or addition (within said fire district) until permit is granted."

On the special verdict, while the repairs are less than one-third in value of the property, they are considerably beyond the slight incidental repairs we have mentioned, and it is further found that the defendant did not take out a permit. The court was properly of the opinion that the defendant was guilty.

No error.

BROWN, J., dissenting.