# ZALK & JOSEPHS REALTY COMPANY AND ANOTHER v. STUYVESANT INSURANCE COMPANY.[1]

February 23, 1934.

No. 29,735.

[1]Reported in 253 N. W. 8.

Abbott, MacPherran, Dancer, Gilbert & Doan, for appellants.
George H. Spear, for respondent.

I. M. OLSEN, Justice.

Plaintiffs appeal from an order denying their motion for a new trial.

The action is one to recover upon a fire insurance policy against loss or damage by fire issued by defendant to these plaintiffs. The policy is in the amount of $1,000 upon a two-story, frame building, used for mercantile and lodging purposes, located within the fire limits of the city of Duluth. The insurance was for the term of one year, commencing May 27, 1931. There was, including defendant's policy, a total of $5,000 insurance on the building under Minnesota standard policies, and the policies fixed that sum as the insurable value of the building. On March 16, 1932, the building was damaged by fire. The actual fire loss thereon by that fire was $1,496.94, and the building could have been repaired for that sum. The building was old, having been built some 40 years ago. It had been damaged by one previous fire and had deteriorated in value by reason of time, usage, and fire.

Shortly after the fire of March 16, 1932, plaintiffs, or a building contractor on their behalf, applied to the building inspector of the city for a permit to repair the building. The inspector, acting under § 419 of ordinance No. 1126 of the city, known as the building code, refused to permit the building to be repaired, and, by letter, notified the plaintiffs that in his opinion, because of previous fires and deterioration and the fire of March 16, the building was in such condition that under the section of the ordinance noted permission

to repair could not be granted. In the same letter he ordered plaintiffs to tear down and remove the building from the premises within 30 days. The letter was received by plaintiffs on the date written. Plaintiffs complied with the order and tore down and removed the building. They then sued each of the insurance companies for the full amount of each policy, as for a total loss of the building by fire. The trial court, hearing the cases involving all of the insurance, without a jury, awarded recovery by plaintiffs against this defendant for one-fifth of the actual fire loss of $1,496.94 and no more, this defendant carrying one-fifth of the total insurance.

Section 419 of the building code ordinance reads as follows:

"(a) It shall be unlawful to repair or alter any frame or brick veneered building located within the Fire Limits if, in the opinion of the Building Inspector, such building has been damaged or deteriorated from any cause to the extent of more than fifty (50) per cent of a similar new building, and all such buildings so damaged or deteriorated shall be torn down and removed when so ordered by the Building Inspector."

The trial court found that this section of the ordinance was void, and hence the building inspector had no right or authority to refuse a permit to repair, or to order the building torn down and removed. The validity of this section of the ordinance presents an important question for review. Its validity is attacked on several grounds. It is contended that the opinion of the building inspector was not a sufficient basis for his order; that a fact basis for such order was required. We agree that a fact basis for the order was required. The ordinance itself requires a fact basis for action by the inspector. If he errs in his judgment or conclusion as to the facts, there is adequate remedy by appeal or other proceeding, as hereinafter specified. But the inspector was not required to make findings of fact, and the evidence and findings of the court show that there was a sufficient fact basis. The building inspector's order recites that he inspected the building the day after the fire and that, because of previous fires and deterioration from all causes, it was his opinion that under the section of the ordinance

the building should not be repaired but should be torn down. The court found that at the time of the fire a similar new building would have been of the value of $7,776; that the old building, as it stood immediately before the fire, was of the value of $3,888; and that the fire damage on March 16, 1932, amounted to $1,496.94. The court made no express finding as to the value of the building after the fire. But the necessary result follows that the building then had a value of only about $2,391, which brought it well within the provisions of § 419, making it unlawful to repair any frame building within the fire limits which has been damaged or deteriorated from any cause to the extent that this building was damaged and deteriorated.

■ Was the ordinance unreasonable and arbitrary so as to be invalid on that ground? The court found, as we have stated, what the cost of repairing the building would be, and further found that after the fire the building was uninhabitable and unfit for occupancy without repairs. It follows that the building in the condition it was left after the fire had no value unless it could lawfully be repaired. The question, then, is whether an ordinance prohibiting the repair of such a building located within the fire limits is so unreasonable and arbitrary as to invalidate such an ordinance, adopted by the city council, under its police power, for the prevention of fires and for public safety. It is unquestioned that the city, by ordinance, had power to establish fire limits and to regulate the kind of material and fire safeguards to be used in construction of new buildings within such limits. In exercising that power the city could not impose unreasonable or arbitrary conditions or restrictions not germane to or reasonably required in order to accomplish the purposes for which the power was granted. One purpose of ordinances establishing fire limits and making it unlawful to repair damaged frame buildings is the gradual elimination, within the fire limits, of such buildings and other buildings which are fire hazards. State v. Lawing, 164 N. C. 492, 80 S. E. 69, 51 L.R.A. (N.S.) 62; City of Shenandoah v. Replogle, 198 Iowa, 423, 199 N. W. 418. We conclude that the ordinance section here in question, as applied to the facts shown, is not unreasonable or arbitrary.

It is urged that § 419 conflicts with other sections of the ordinance and with the statute defining the powers and duties of the state fire marshal. The court in its findings quotes §§ 16 and 420 of the ordinance. Section 16 is a general regulation providing, in substance, that, if the whole or any part of a building, or the plumbing or electric wiring or appliances therein, shall be found dangerous, the building inspector shall, in writing, notify the owner to remedy the condition, and, if the owner fails so to do, he shall be summoned to appear before the city council to show cause why he has not complied with the notice. If, on hearing before the council, the building or appliances are found dangerous or unsafe and the owner fails to make them safe within a reasonable time, the council may order the building inspector to demolish the structure or the unsafe part thereof. Section 420 provides, in substance, that defective or dangerous buildings or structures, inside or outside of the fire limits, shall be repaired and put in safe condition, or, if beyond the possibility of repair, be torn down and removed when so ordered by the building inspector. Reading these two sections in connection with § 419, there is no serious conflict. The provisions as to repairs found in §§ 16 and 420 should not be construed as destroying § 419 if that can be avoided. The presumption is that the legislative body, the city council, intended that the three sections of the ordinance should operate together. So construed, it reasonably appears that the repairs provided for in §§ 16 and 420 refer to permissible repairs not prohibited by § 419.

The statute defining the powers and duties of the state fire marshal, 1 Mason Minn. St. 1927, § 5961, provides that he may condemn and by order direct the destruction, repair, or alteration of any building which by reason of age, dilapidated condition, defective chimneys, etc. or other defect, is especially liable to fire, and which building, in his judgment, is so situated as to endanger life or limb or other buildings or property in the vicinity. This statute was considered in State Fire Marshal v. Fitzpatrick, 149 Minn. 203, 183 N. W. 141, and it was there held that the fire marshal was not authorized to order a building demolished and removed under that statute where the building could reasonably be repaired and altered

so as to eliminate the hazard created thereby. There had been no fire. The building had become dilapidated by reason of age and failure to repair but had an estimated value of from $5,000 to $10,000 as it stood. It could be repaired at a cost of about $4,000 so as to eliminate the hazard. The building was within the fire limits, but the court calls attention to the fact that [149 Minn. 205] "no ordinance or building regulation forbids repairs or alterations thereon." The case, therefore, does not overrule or modify Larkin v. Glens Falls Ins. Co. 80 Minn. 527, 83 N. W. 409, 81 A. S. R. 286.

In Evans v. City of Redwood Falls, 103 Minn. 314, 115 N. W. 200, on the question of conflict between a charter provision and the general law regulating the issuance of license for sale of intoxicating liquor, the court held that the state statute operating throughout the entire state was not intended to deprive municipalities of their charter powers to legislate upon the same subject; that any charter or ordinance assuming to lower the standard fixed by the state law would be inconsistent therewith, but that the statute fixed the minimum degree of regulation which might be imposed and that more stringent rules might be adopted under charter provisions as long as they embody the substance of the general law and merely add thereto further regulations required by local conditions. See State v. Harris, 50 Minn. 128, 52 N. W. 387, 531; City of Duluth v. Evans, 158 Minn. 450, 197 N. W. 737. Attention may also be called to 1 Mason Minn. St. 1927, § 1630-8, part of the housing act passed in 1917, providing that the act shall be held to be the minimum requirements adopted for the protection of the health, welfare, and safety of the community, but that the local legislative body of each city is empowered to enact supplementary ordinances imposing higher requirements relative to light, ventilation, sanitation, fire prevention, maintenance, and use for all dwellings. While the act applies to dwellings, the definition of "dwelling" includes any house or building occupied in whole or in part as a sleeping place of one or more persons either permanently or transiently.

■ Objection is made on the ground that the language of § 419 is too indefinite and uncertain to constitute a valid law. This objection appeared to be based on the use of the word "opinion" in

reference to the action of the building inspector in refusing to permit repairs. One of the dictionary definitions of the word is a "settled judgment in regard to any point of knowledge or action." In Larkin v. Glens Falls Ins. Co. 80 Minn. 527, 530, 83 N. W. 409, 410, 81 A. S. R. 286, the court said:

"By a fair construction of such ordinances, the inspector is empowered to condemn buildings located within the fire limits whenever, in his judgment, they have been damaged by fire or decay to the extent of fifty per cent of their value; * * *. There is no question in this case but that the insured building was within such fire limits, and no question but that the building inspector refused a permit to repair the same after the fire. Nor is there any question but that, without proper and suitable repairs, the building was rendered practically worthless by the fire."

The same situation appears in the present case. In the Larkin case there was an insurance policy for $500 on a small wooden building with a brick front. Presumably, before the fire, the building was worth at least the amount for which it was insured. After the fire it was estimated that the building could be repaired for not to exceed $150. The insured was willing to accept that amount or to have the building repaired if he could get a permit to repair. The permit was refused. These facts appear from the record in the case. Recovery as for total loss was sustained. While no attack was there made on the ordinance directly on the ground that it was indefinite and uncertain, it was strenuously urged that other sections of the ordinance permitted repairs notwithstanding the section which authorized the building inspector to refuse a permit to repair where the building was damaged by fire and decay to the extent of 50 per cent of its value.

There is some claim here that the ordinance is indefinite because the damage is measured as "more than fifty (50) per cent of a similar new building" without saying "fifty per cent of the value of a similar new building." That the words used mean 50 per cent of the value of a similar new building is apparent.

We find no such uncertainty or indefiniteness in the section as to render it invalid on that ground.

■ The objection is presented that the order of the building inspector refusing to permit repairs and ordering the building removed was not due process of law because no notice was given and no hearing had before the order was made. The building inspector is an administrative officer. The ordinance does not provide for any notice or any hearing before he passes upon the questions of granting a permit or ordering a building removed. His decision and order so made do not bind or affect anyone until notified or informed thereof. When notified, or obtaining knowledge of the order, any person affected may appeal therefrom to the city council within ten days. Defendant was clearly informed of the order shortly after the fire and could have appealed. While the appeal section provides that the appeal shall be taken within ten days, it is apparent that this means within ten days after knowledge or notice of the order. We do not hold that the failure to appeal concluded defendant from questioning the ordinance in the present suit. Not having appealed, two additional courses remained to defendant by which to test the validity of the ordinance. It could itself bring some action to test the validity of the ordinance, or, it could, as it did, wait and raise the question in any suit brought against it. The suit has been tried, and defendant has presented all objections to the ordinance that it could have presented at any stage of the proceeding.

The action of an administrative officer, under the police power of a state or city, is not final and need not necessarily require notice before action is taken or an order made, unless required by statute or ordinance. An opportunity to be heard and to contest the order or action must be given, but need not be given in express terms or in the same law or ordinance. Due process of law is satisfied when an opportunity is afforded to invoke the equal protection of the law by judicial proceedings appropriate for the purpose and adequate to secure the end and object sought to be obtained. The defendant in this case had the right to appeal to the city council, to bring suit for injunction or other appropriate remedy, or to wait, as it did, until action was brought against it on its policy and defend on all grounds that it could have raised at a hearing. This affords due

process of law. State ex rel. Chapman v. State Board of Medical Examiners, 34 Minn. 387, 26 N. W. 123; County of Hennepin v. Bartleson, 37 Minn. 343, 34 N. W. 222; State ex rel. Railroad & W. H. Comm. v. C. M. & St. P. Ry. Co. 38 Minn. 281, 37 N. W. 782; C. N. Nelson Lbr. Co. v. McKinnon, 61 Minn. 219, 63 N. W. 630; Wolf v. State Board of Medical Examiners, 109 Minn. 360, 123 N. W. 1074; State ex rel. Hunt v. City of Montevideo, 142 Minn. 157, 171 N. W. 314; Pelkey v. National Surety Co. 143 Minn. 176, 173 N. W. 435; Hoff v. First State Bank, 174 Minn. 36, 218 N. W. 238; American State Bank v. Jones, 184 Minn. 498, 239 N. W. 144, 78 A. L. R. 770; Security Ins. Co. v. Rosenberg, 227 Ky. 314, 12 S. W. (2d) 688; North American C. S. Co. v. City of Chicago, 211 U. S. 306, 29 S. Ct. 101, 53 L. ed. 195, 15 Ann. Cas. 276; American Surety Co. v. Baldwin, 287 U. S. 156, 53 S. Ct. 98, 77 L. ed. 231, 86 A. L. R. 298; Eichenlaub v. City of St. Joseph, 113 Mo. 395, 21 S. W. 8, 18 L. R. A. 590; Russell v. City of Fargo, 28 N. D. 300, 148 N. W. 610; State v. Shannonhouse, 166 N. C. 241, 80 S. E. 881. Other federal and state cases are cited in Hoff v. First State Bank, 174 Minn. 36, 218 N. W. 238, to which reference may be made.

■ That the legislature may and does delegate legislative power to city councils needs no argument or discussion. That no legislative power was delegated to or exercised by the building inspector is settled by the cases already cited.

■ Some claim is made that the ordinance should be construed to apply only in case one single cause, in this case the last fire, in and of itself damages a building to the extent of more than 50 per cent of its value, or of the value of a similar new building. The language of § 419 does not permit such a construction.

■ That the ordinance should receive a reasonably strict construction is well settled. It imposes a penalty for violation of any of its provisions. This is not an action to recover a penalty or impose punishment for any violation of the ordinance. This section of the ordinance is unambiguous, and its provisions are stated in clear language. The facts are undisputed. In that situation we cannot, by construction, change its terms or the result of its application to the facts.

70

■ Following Larkin v. Glens Falls Ins. Co. 80 Minn. 527, 83 N. W. 409, 81 A. S. R. 286; Russell v. City of Fargo, 28 N. D. 300, 148 N. W. 610; Davison v. City of Walla Walla, 52 Wash. 453, 100 P. 981, 21 L.R.A.(N.S.) 454, 132 A. S. R. 983; State v. Shannonhouse, 166 N. C. 241, 80 S. E. 881; Rutherford v. Royal Ins. Co. (C. C. A.) 12 F. (2d) 880, 49 A. L. R. 814; Dinneen v. American Ins. Co. 98 Neb. 97, 152 N. W. 307, L. R. A. 1915E, 618, Ann. Cas. 1917B, 1246; Hamburg Bremen F. Ins. Co. v. Garlington, 66 Tex. 103, 18 S. W. 337, 59 Am. R. 613, we hold that plaintiffs were entitled to recover as for a total loss of the building under our statute and the insurance policy on which this suit was brought.

■ The findings of the trial court that the building was not damaged or deteriorated from any cause to the extent of more than 50 per cent of a similar new building and that § 419 of the ordinance is void are not sustained by the evidence. The finding that the building had not been damaged or deteriorated from any cause to the extent of more than 50 per cent of a similar new building appears to conflict with the specific findings as to the value of the building before the fire, the value of a similar new building, the fire damage, and the finding that without repairs the building could not be used and so had no value. Possibly the court meant by that finding that the last fire alone did not damage the building to that extent. The ordinance section cannot be construed in that limited sense, and the similar ordinance was not so construed in Larkin v. Glens Falls Ins. Co. 80 Minn. 527, 83 N. W. 409, 81 A. S. R. 286.

As to the finding that the ordinance section is void, that presents a question of law for decision on undisputed facts, and has already been fully covered.

In conclusion it may be noted that the part of the order of the building inspector directing the owners to remove the building is not of vital consequence. If the inspector was justified in refusing a permit to repair, and, as found by the court, the building was uninhabitable and unfit for occupancy without such repairs, the loss would then be total whether or not the building was thereafter removed. No question of salvage is here involved.

The order appealed from is reversed with directions to the trial court to amend its findings of fact and conclusions of law so as to order judgment in favor of the plaintiffs for the amount claimed in the complaint.

