**GLENS FALLS INSURANCE CO.,**
Petitioner,

v.

**C. C. PETERS, Respondent.**

No. A–10286.

Supreme Court of Texas.

Jan. 13, 1965.

Rehearing Denied Feb. 24, 1965.

Thompson, Coe, Cousins & Irons, Larry L. Gollaher, with above firm, Dallas, for petitioner.

Ernest May, Fort Worth, for respondent.

GREENHILL, Justice.

This is a suit by C. C. Peters to recover the full amount of a fire insurance policy issued by Glens Falls Insurance Company on Peters' Fort Worth garage apartment. Trial was to a jury. The jury's finding was favorable to the insurance company and against Mr. Peters. The trial court, however, entered judgment for Peters notwithstanding the jury's verdict. The Court of Civil Appeals at Fort Worth affirmed. 379 S.W.2d 946.

The property in question was damaged by fire on August 21, 1962. A city building inspector visited the place and made a recommendation to the city that the building be razed. A week later, Peters received the following letter (not a printed form) from the Building Inspection Division of the City:

"An inspection has been made of [your] . . . property and we find a . . . duplex which has been deteriorated from fire, age, and lack of repair to the extent of being hazardous.

"This dwelling does not meet building requirements as specified in the Minimum Housing Standards Ordinance No. 4381 of the City of Fort Worth; and we are, therefore, *re-questing* that this dwelling be razed . . . within thirty (30) days . . or you will be cited to appear before the Housing Standards Commission to show cause why this dwelling should not be declared a nuisance and condemned.

"Be sure to obtain a building permit before making any repairs to the dwelling or a wrecking permit before tearing the dwelling down."[1]

This was followed on October 1 by a printed form letter:

"You were given thirty (30) days in which to have the building razed *or repaired* to meet Ordinance requirements.

"Since you have not complied with our previous request, we are sending this second notice and extending the time until November 1, 1962. If at that time the building has not been *razed or repaired* you will be cited to appear before the Housing Standards Commission to show cause why this building should not be declared a nuisance and condemned."

Also on October 1, 1962, Peters received a letter from Glens Falls Insurance Company:

"Inasmuch as there exists a difference of opinion as to the amount of loss and damage . . . you may consider this letter as a formal demand for an appraisal as outlined in lines 101–18 of the Texas Standard Policy."

Peters refused to comply with this demand. Instead, he simply tore down the building without applying for a repair permit or a wrecking permit. He then sued Glenns Falls for the full amount of the policy, contending that there was a total loss creating a liquidated demand under Article 6.13 of the Texas Insurance Code, V.A.T.S.

1. Emphasis is supplied throughout.

Peters alleged in his petition that "the garage apartment was damaged by fire in excess of fifty per cent," and, therefore:

"By reason of the Fort Worth Building Code, Ordinance No. 4155, and the Comprehensive Zoning Ordinance, No. 3011, the plaintiff Peters was forbidden to repair the garage apartment . . . .. Thus there was a total loss . . . .."

The jury heard three qualified witnesses testify that the damage exceeded 50 per cent and two testify that it was less than 50 per cent. Parts of Ordinances 4155 and 3011, referred to in the petition, were read into evidence; but Ordinance 4381 relied on in the Building Inspection Division's first letter to Mr. Peters was not introduced into evidence. There is no question before us as to the constitutionality of any of these ordinances.

In response to the single issue submitted, the jury found that a reasonably prudent uninsured owner, desiring to rebuild, "would have used the remnant of said structure for restoring said building." The legal effect of this answer is that the jury found that there was *not* a "total loss" as that term is hereinafter defined. Peters' motion for judgment notwithstanding the verdict was granted; and the following requested findings of fact were made by the trial court: (1) the fire damage to Peters' building exceeded 50 per cent; (2) Peters was ordered by the Housing Official to raze the building, and could have gained no permit for repair; (3) reconstruction was forbidden by the Zoning Ordinance. These findings, if permissible, would support the theory of constructive total loss by virtue of the city ordinances.

■ Whether a building is an actual total loss by fire depends upon whether a reasonably prudent owner, uninsured, desiring to rebuild, would have used the remnant for restoring the building. Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S.W. 1068 (1896); Fire Ass'n of Philadelphia v. Strayhorn, 211 S.W. 447 (Tex.Com.App. 1919). Neither the pleadings nor the evidence establish a total loss under this test, and the jury so found. The question in this case then is: Was the building a *constructive* total loss as a matter of law by reason of the city ordinances? See Hamburg-Bremen Fire Ins. Co. v. Garlington, 66 Tex. 103, 18 S.W. 337 (1886); Scanlan v. Home Ins. Co., 79 S.W.2d 186 (Tex.Civ. App. 1935, writ ref.). In other words, assuming the building was not totally destroyed by the fire, was it damaged to such an extent that the city ordinances would require its destruction? The Fort Worth ordinances are not operative unless the damage is greater than 50 per cent of the building's value. Peters had the burden of requesting that issue and getting an affirmative jury finding thereon, and failed to do so. He made no objection to the court's charge. Glens Falls objected to the submitted issue (actual total loss) as not being in conformity with the pleadings in that "the only allegation of total loss * * * is in connection with and tied by the pleadings to the action of the City of Fort Worth and/or the ordinance pleaded therein."

Glens Falls' contention is that Peters pleaded only constructive total loss under the city ordinance but allowed the trial court, without objection, to submit the case to the jury strictly on the theory of total loss by fire, thereby waiving his right to any judgment on the pleaded issue of constructive total loss. We agree with this contention.

■ Under the provisions of Rule 279, Texas Rules of Civil Procedure, an independent ground of recovery or defense not conclusively established by the evidence is waived if no issue thereon is given or requested. Producers Chemical Co. v. McKay, 366 S.W.2d 220 (Tex.1963); Grant v. Marshall, 154 Tex. 531, 280 S.W.2d 559 (1955); Wichita Falls & Oklahoma Ry. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940); Connor v. Lane, 355 S.W.2d 223 (Tex.Civ.App. 1962, no writ hist.).

█ The independent ground of recovery of constructive total loss was not conclusively established by the evidence. There was conflicting testimony as to whether the fire damage exceeded 50 per cent, the figure which determines the applicability of the city ordinances.

█ Mr. Peters contends the city building inspector's determination that the building was damaged more than 50 per cent and should be razed is conclusive on the insurer. We cannot so hold under the facts of this case. The building in question was not condemned by the city. In fact the city never ordered that it be destroyed. Its first letter was in the form of a *request* to raze which left open the possibility of repairs. The city's second letter said that since Peters had not complied with its "previous request," he would have until November 1 to raze *or repair* the building, or show cause why it should not be condemned. The city took no further action, but Peters razed the building without applying for a permit. It does not appear in the record that Glens·Falls had notice of any action by the city or of Peters' determination to tear down the damaged building. We hold that the per cent of damage is not conclusively established by the report of the building inspector. Hence, "constructive total loss" was not conclusively established. See New Hampshire Fire Ins. Co. v. Murray, 105 F.2d 212 (7th Cir. 1939); Security Ins. Co. v. Rosenberg, 227 Ky. 314, 12 S.W.2d 688 (1928); Monteleone v. Royal Ins. Co., 47 La.Ann. 1563, 18 So. 472, 56 L.R.A. 784 (1895); Zalk & Josephs Realty Co. v. Stuyvesant Ins. Co., 191 Minn. 60, 253 N.W. 8 (1934).

█ Finally, the trial court was not authorized to make findings of fact under Rule 279 where, as here, the omitted issue is an independent ground of recovery. Rule 279 T.R.C.P.; Austin v. Austin, 143 Tex. 29, 182 S.W.2d 355 (1944); Wichita Falls & Oklahoma Ry. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940).

Our holding in this case makes it unnecessary to consider Glens Falls' remaining points of error.

█ This brings us then to the judgment which should be entered. Glens Falls did not deny liability for a partial loss. It only controverted the extent of the damages. The policy contained a provision authorizing either party to call for an appraisal in case of a failure to agree on the amount of loss. Glens Falls made demand for an appraisal, but Peters refused to comply. This refusal formed the basis of a plea in abatement in the trial court. By agreement, the disposition of that plea was delayed pending the trial on the question of total loss which, if found, would have rendered the appraisal provision inapplicable. At the conclusion of the trial the plea in abatement should have been sustained. Accordingly, the judgments of the trial court and of the Court of Civil Appeals are reversed, and the cause is remanded to the district court with directions to sustain the plea in abatement.