**UNIVERSAL LIFE AND ACCIDENT INSURANCE COMPANY, Petitioner,**

v.

**Geneva FIELDS, d/b/a Fields Funeral Home, Respondent.**

**No. B–533.**

Supreme Court of Texas.

Dec. 6, 1967.

Rehearing Denied Jan. 24, 1968.

Dibrell, Dibrell & Greer, G. William Rider, Galveston, for petitioner.

Herschel B. Cashin, LaMarque, for respondent.

PER CURIAM.

Plaintiff Universal Insurance Company filed this suit in the County Court of Galveston County to rescind an insurance policy in the amount of $500 issued to Emma Taylor. The defendant Fields was assignee of the policy proceeds. Although the insured was deceased at the time of Universal's suit, there was no cross-action for payment of the policy filed by either the beneficiary or Fields.

The trial court overruled defendant's plea to the jurisdiction and instructed a verdict

for Universal, based on uncontroverted evidence that Mrs. Taylor had misrepresented herself to have been free from diabetes at the time the policy was issued. The Court of Civil Appeals at Houston reversed, holding that the county court had no jurisdiction because the potential liability of the insurer exceeded the $1000 jurisdictional limit of the county court. 418 S.W.2d 708.

As stated, there was no cross-action filed, and therefore no pleadings seeking recovery of more than the jurisdictional limit of the county court. Defendant Fields' plea to the jurisdiction alleged only that the insurer "might be held liable" for the statutory penalty and attorney's fees under art. 3.62, Texas Insurance Code, V.A.T.S., in addition to the $500 face amount of the policy, and that reasonable attorney's fees would exceed $500.

In holding that the amount in controversy for jurisdictional purposes included these unspecified amounts of "potential liability," the decision of the Court of Civil Appeals is in conflict with Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S.W. 1103 (1915), as well as other cases holding that the amount in controversy is determined by the factual allegations of the plaintiff's petition. The plaintiff's pleadings sought recision of a $500 insurance policy, and this action was within the jurisdiction of a county court.

The Court of Civil Appeals relied on the following language in Great American Reserve Life Insurance Company v. Britton, 406 S.W.2d 901 (Tex.Sup.1966):

> "However, when the insurer files suit to cancel the policy before suit for the policy proceeds is filed, we hold that the entire liability of the insurer, both on the policy and under the statute, is put in issue, and the right of the insurer to require demand as a prerequisite to liability for attorney fees is waived." 406 S. W.2d at 907.

The *Britton* case does not support the proposition that the entire potential liability of the insurer is the amount in controversy for jurisdictional purposes in a suit to cancel the policy. *Britton* did not involve a jurisdictional question, and the issue to which the foregoing language was directed was merely whether the insured was required to make a formal demand for attorney's fees before filing a cross action for the value of the policy and the statutory liability. The holding should not be construed as affecting the established rules for determining the amount in controversy for jurisdictional purposes.

Because the decision of the Court of Civil Appeals conflicts with the *Rayzor* opinion by this Court, the judgment of the Court of Civil Appeals is reversed without granting the application for writ of error. Rule 483, Texas Rules of Civil Procedure. The cause is remanded to the Court of Civil Appeals for further proceedings consistent with this opinion.