**DAL–MAC CONSTRUCTION COMPANY, Appellant,**

v.

**JOHN MANESS PAINTING COMPANY, Appellee.**

**No. 4922.**

Court of Civil Appeals of Texas, Eastland.

June 24, 1976.

Stephen W. Schueler, Margraves, Kennerly & Schueler, Houston, for appellant.

Pat McDowell, Maloney, Milner & McDowell, Dallas, for appellee.

WALTER, Justice.

John Maness Painting Company filed suit against Dal-Mac Construction Company and Willowbrooke Development Company on a painting contract. Willowbrooke's plea of privilege was sustained and plaintiff's cause of action against it was transferred to Harris County. Based on a verdict, judgment was rendered for plaintiff against Dal-Mac for $17,867.64 and Dal-Mac has appealed.

The invoices set out in the exhibit attached to Maness' trial pleading show a total of $18,954.94 for extra work. In his supplemental brief, Maness says he sued for only $18,056.23 for the unpaid extras. He says he means by the term "extra work" all of the work above the original $64,000.00 called for in the base contract.

An issue was submitted on the extra work that was designated Blue Cross-Blue Shield job and the jury found the value of that work to be $5,009.00. However, no issues were submitted on the balance of the extra work.

Dal-Mac denied under oath the account attached to Maness' petition and asserted that all offsets, payments and credits had not been allowed.

The fair cash market value of the labor and materials furnished and performed by Maness in 1972 in Harris County on the extra work, not included in the Blue Cross-Blue Shield job, was not submitted to the jury and it was not established as a matter of law.

In *Glens Falls Insurance Co. v. Peters*, 386 S.W.2d 529 (Tex.1965), the court said:

"Under the provisions of Rule 279, Texas Rules of Civil Procedure, an independent ground of recovery or defense not conclusively established by the evidence is waived if no issue thereon is given or requested . . ."

We hold the court erred in rendering judgment for this extra work because it involved controverted issues of fact on one of Maness' grounds of recovery.

This case was not fully developed and in the interest of justice the judgment is reversed and the cause is remanded.