**KEN PRUITT BUICK COMPANY,
Appellant,**

v.

**James A. HENDERSON, Appellee.**

**No. 4984.**

Court of Civil Appeals of Texas,
Eastland.

Dec. 16, 1976.

Horace G. Goodrich, Dallas, for appellant.

Martin F. O'Donnell; Feldman, O'Donnell & Neil, Dallas, for appellee.

RALEIGH BROWN, Justice.

Ken Pruitt Buick Company, appellant, filed its motion to reverse the trial court's judgment and dismiss James A. Henderson's cause of action for lack of jurisdiction.

Effective June 15, 1971, the Legislature enacted Article 1970a, V.A.C.S., which set the jurisdictional amount for County Courts at Law as:

"Amount in controversy

All county courts at law, county civil courts, and other statutory courts exercising civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases shall have jurisdiction concurrent with that of the district court when the matter in controversy shall exceed in value Five Hundred Dollars ($500) and shall not exceed Five Thousand Dollars ($5,000) exclusive of interest."

The original petition filed by appellee, Henderson, alleged damages of $828.83, cost of repairs, $450, car rental, and $3,000, exemplary damages. His first amended origi-

nal petition upon which the parties went to trial alleged actual damages of $3,256.57 and $3,000 exemplary damages. This pleading was never properly amended prior to trial.

The court in *Universal Life and Accident Insurance Company v. Fields*, 422 S.W.2d 722 (Tex.1967) held:

". . . that the amount in controversy is determined by the factual allegations of the plaintiff's petition . . ."

It is apparent that the amount in controversy asserted by Henderson exceeded the jurisdictional limit of the County Court at Law.

The instant cause is distinguishable from *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762 (1924) and the line of cases following the rule announced therein. In the case at bar, plaintiff's amended petition sought neither continuing damages nor interest on damages which are permissible under the rule announced in *Isbell*.

The judgment is reversed and the cause is dismissed.