**OUR FAIR LADY HEALTH RESORT, Appellant,**

v.

**Paula MILLER, Appellee.**

No. 12695.

Court of Civil Appeals of Texas, Austin.

March 15, 1978.

Dale E. Muller, Austin, for appellant.

Stephan L. Sheets, Grimes & Sheets, Round Rock, for appellee.

PHILLIPS, Chief Judge.

Appellant, as plaintiff below, brought this suit to recover the unpaid balance due on an installment contract executed by appellee. Appellee counterclaimed alleging that appellant had violated the Deceptive Trade Practice-Consumer Protection Act.[1] Trial was to a jury which found that appellant had engaged in deceptive trade practices and that appellee was adversely affected thereby. After judgment was entered on the verdict, appellant duly perfected its appeal to this Court.[2]

We affirm.

The record discloses that appellee visited appellant's health spa on Tuesday, January 28, 1975, for the purpose of investigating the possibilities of enrolling in exercise classes. An agent of appellant conducted a tour of the facilities and prepared a contract for appellee to sign.

After examining the contract prepared by appellant's agent, appellee stated that she could not enter into an agreement for the amount of money involved without first consulting with her husband. At this point appellant's agent represented to appellee that she could go ahead and sign the contract immediately, but that it would not take effect until she had had a chance to discuss it with her husband, and if appellee called by Friday, January 31, 1975, to say she had changed her mind, the contract would be torn up and voided.

---

1. Tex.Bus. & Comm. Code Ann. Ch. 17 (Supp. 1978).

2. Although the judgment does not dispose of appellant's claim on the note, it will be presumed for purposes of appeal that the judgment entered is a final judgment. See *North East Independent School Dist. v. Aldridge*, 400 S.W.2d 893 (Tex.1966).

During the three-day period from Tuesday to Friday, appellee did in fact change her mind regarding the contract, and contacted appellant's agent by telephone on the morning of Friday, January 31, 1975, for the purpose of voiding the contract.

However, even though this was within the period of time agreed upon, appellant's agent informed appellee that the contract had already been "sent in."

Over the course of the next several days, appellee made several unsuccessful attempts to meet with the manager of the health spa in an effort to resolve the conflict.

Several weeks later appellee received a payment book from a bank in Austin and, believing she had no other recourse, made a few payments. Some time thereafter, appellee depleted her savings and stopped making payments.

The evidence discloses that appellee's general concern over the contract and the related financial obligations resulted in her experiencing physical and mental pain and suffering. As a result, appellee sought and received medical care.

As we stated above, trial was to a jury which answered the special issues submitted in favor of appellee as the court rendered judgment on this verdict.

Appellant is before this Court on three points of error, all of which we overrule, the first being: the error of the trial court in granting judgment on appellee's counterclaim because of lack of jurisdiction.

Appellant contends that by statute,[3] the County Court at Law Number Three of Travis County, Texas, is limited to actions in which the amount in controversy is $5,000 or less. It further contends that when appellee filed her counterclaim alleging that appellant violated the Texas Deceptive Trade Practices Act, the counterclaim placed an amount in controversy exceeding the court's jurisdictional limit, and, therefore, the court should have dismissed the case.

We do not agree. Jurisdiction is determined by the amount in controversy at the time of the filing of the pleadings. *Hudson v. Norwood*, 147 S.W.2d 826 (Tex. Civ.App.1941, writ dism'd jdgmt. cor.); *Guerra v. Weatherly*, 291 S.W.2d 493 (Tex.Civ. App.1956, no writ). Suit was originally filed in the county court for $3,724:00, plus attorney's fees. This was well within the jurisdictional amount of the trial court.

Nor are we impressed with appellant's argument that appellee's recovery through counterclaim expands the amount in controversy so as to oust the county court of jurisdiction. Once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction. *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762 (1924); *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368 (1962); *Davis v. Spraggins*, 449 S.W.2d 80 (Tex.Civ.App.1969, writ ref'd n.r. e.).

Appellant's second point is the error of the trial court in granting judgment for appellee because she was not entitled to bring suit under the Texas Deceptive Trade Practice-Consumer Protection Act.

Appellant contends that by making several payments to the health spa under the terms of the contract, appellee has ratified the contract. The fallacy here is that for appellant to establish ratification as a defense, it must prove such by competent evidence, submit a proper issue to the jury, and obtain an affirmative finding thereon. Texas R.Civ.P. 279; *Glens Falls Insurance Co. v. Peters*, 386 S.W.2d 529 (Tex.1965); *Rutherford v. Page, Southerland & Page*, 429 S.W.2d 602 (Tex.Civ.App. 1968, writ ref'd n.r.e.). Unless ratification was conclusively established, which it was not, appellant waived the defense by not requesting its submission. *Glens Falls Insurance Co. v. Peters, supra; Rutherford v. Page, Southerland & Page, supra.*

As stated above, appellee brought a counterclaim alleging that appellant had violat-

3. Tex.Rev.Civ.Stat.Ann. arts. 1970a, 1970–324a.1.

**413**

ed the Texas Deceptive Trade Practice-Consumer Protection Act § 17.46(a) by "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce."

■ However, appellant contends that § 17.50 requires that a consumer must have been "adversely affected" by the "use or employment by any person of an act or practice declared to be unlawful by Section 17.46 of this subchapter"; and that such was not the case. We do not agree. The jury found that appellee was adversely affected by the deceptive trade practices of appellant and we hold that there is ample evidence to support this finding.

Finally, appellant contends that the trial court erred in admitting evidence of an extraneous oral representation in violation of the parol evidence rule.

■ As a general rule, extrinsic evidence is inadmissible to vary, add to, or contradict the terms of a valid written instrument that on its face is complete and unambiguous. However, there are exceptions to this rule and, under the facts of this case, extrinsic evidence was properly admitted.

Appellee testified that she signed the contract on Tuesday, January 28, 1975, and that appellant's agent represented to her that the contract would not be effective until the lapse of a three-day period during which time appellee could cancel the contract. Parol evidence is admissible to show that a written contract did not exist. *Rasey v. Perryman*, 262 S.W.2d 761 (Tex.Civ. App.1953, no writ); 23 Tex.Jur.2d *Evidence* § 342 (1961).

■ Parol evidence is also admissible to show that the parties did not intend the contract to take effect immediately. *Burke v. Dulaney*, 153 U.S. 228, 14 S.Ct. 816, 38 L.Ed. 698 (1894); *Baker v. Baker*, 143 Tex. 191, 183 S.W.2d 724 (1944).

The judgment of the trial court is in all things affirmed.