**KITCHEN DESIGNS, INC., Appellant,**

v.

**Fred WOOD, et ux., Appellees.**

**No. 8649.**

Court of Civil Appeals of Texas, Texarkana.

April 30, 1979.

Rehearing Denied June 26, 1979.

Thomas A. Melody, Dallas, for appellant.

Richard A. Sayles, Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellees.

RAY, Justice.

This is basically a suit brought under the Texas Deceptive Trade Practices Act. Kitchen Designs, Inc., appellant (original plaintiff), brought suit against Dr. Fred Wood and wife, Sara Jane Wood, appellees (original defendants), in Dallas County Court at Law, Number Three, for the sum of $782.89 remaining due and unpaid on a remodeling contract. The Woods filed a counter-claim alleging that the work had not been done properly and asked for relief and treble damages under the Texas Deceptive Trade Practices Act, Tex.Bus. & Comm. Code, Sec. 17.41, et seq. (Supp.1978–1979). The Woods admitted that the $782.89 was unpaid and that they would owe ·that amount if the jury found that the work had been done properly and timely. The trial court then, under Tex.R.Civ.P. 266 with agreement of counsel, realigned the parties such that the Woods became the plaintiffs on their claim under the Texas Deceptive Trade Practices Act and Kitchen Designs, Inc. became the defendant.

The jury, in answer to special issues, found that Kitchen Designs had not performed its construction work in a workman-like manner and had failed to perform the work within a reasonable time under the contract. The jury also found that the Woods had not failed to cooperate with Kitchen Designs pursuant to the terms of the contract. In addition, the jury found that the Woods were entitled to damages in the sum of $1,941.00. This amount, when trebled, is the sum of $5,823.00, an amount in excess of the trial court's jurisdiction. The court reduced the damages to $3,000.00 plus $2,000.00 attorney's fees.

Prior to submission of the case to the jury, the Woods filed a trial amendment raising the amount of actual damages claimed to $1,552.82, requesting such amount to be trebled and asking for graduated attorney's fees in the total sum of $4,250.00.

The jurisdiction of County Courts at Law is limited to cases where the amount in controversy does not exceed $5,000.00. Tex.Rev.Civ.Stat.Ann. art. 1970a (Supp. 1978–1979). Whether or not jurisdiction exists in the County Court at Law is determined by the amount alleged in the ·plaintiffs' petition. *Universal Life and Accident Insurance Company v. Fields*, 422 S.W.2d 722 (Tex.1967); *Ken Pruitt Buick Co. v. Henderson*, 545 S.W.2d 261 (Tex.Civ.App. Eastland 1976, no writ). Kitchen Designs, in its petition, sought recovery on the contract in the amount of $782.89 plus $350.00 attorney's fees. Because this pleading brought the amount in controversy within the jurisdictional limits of the County Court at Law, jurisdiction attached and no subsequent fact or event would defeat the court's jurisdiction over that particular claim. *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762 (1924); *Our Fair*

*Lady Health Resort v. Miller*, 564 S.W.2d 410 (Tex.Civ.App. Austin 1978, no writ).

Both the counter-claim and amended counter-claim of the Woods exceeded the jurisdictional limits of the County Court at Law. Since the Woods' counter-claim was for an amount in excess of the jurisdictional limits of the court, the trial court should have dismissed the Woods' cause of action. 2 McDonald's Texas Civil Practice, Sec. 7.51.2, p. 293 (1970); 15 Tex.Jur.2d Courts, Sec. 81, p. 520 (1960).

The judgment of the trial court in favor of the Woods will be reversed and dismissed.

Appellant, Kitchen Designs, has preserved no error related to the take nothing judgment entered against it by the trial court. The take nothing judgment against Kitchen Designs will therefore be affirmed.

The judgment of the trial court in favor of Dr. Fred Wood and wife, Sara Jane Wood, is reversed and their cause of action is ordered dismissed because it exceeds the jurisdictional limits of the trial court. The take nothing judgment against Kitchen Designs, Inc. is affirmed. Costs are taxed one-half to appellant and one-half to appellees.