Petition for Writ of Mandamus Denied, Motion for Emergency Stay Denied
as Moot, and Memorandum Opinion filed November 25, 2008








 

Petition
for Writ of Mandamus Denied, Motion for Emergency Stay Denied as Moot, and
Memorandum Opinion filed November 25, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01062-CV

____________

 

IN RE MORLEY & MORLEY, P.C., AJMLAW, P.C., ARDEN
J. MORLEY, ELAINE MORLEY, and LOOKOUT SERVICES, INC., Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
November 21, 2008, relators filed a petition for writ of mandamus and a motion
for emergency stay with this court.  See Tex. Gov=t Code Ann. ' 22.221(b) (Vernon 2004); Tex. R.
App. P. 52.  Relators contend the respondent[1]
abused her discretion by denying their consolidation motion.  Because we hold
relators= appellate remedy is adequate, we
deny the petition for writ of mandamus and deny as moot relators= motion for emergency stay.








                                                               BACKGROUND

Relators,
which consist of Morley & Morley, P.C., AJMLAW, P.C., Arden J. Morley,
Elaine Morley, and Lookout Services, Inc., are the defendants in a lawsuit
brought in county court by the real party in interest, John Anderson & Co.,
L.L.C. d/b/a Houston Computer Consulting, L.L.C. (AHCC@).  Pursuant to a written contract,
HCC provided computer consulting services to relators.  HCC brought suit in
county court, contending relators failed to pay several of HCC=s invoices totaling $19,842.52.  In
its suit, HCC also has requested an award of attorney=s fees, and pre-judgment and
post-judgment interest.  The county court has scheduled a December 1, 2008
trial date.

Relators
contend they were fraudulently induced to enter into the computer-services
contract, however, and claim to have suffered damages in excess of the
jurisdictional limits permitted for the county court.  Therefore, on October
17, 2008, relators brought a separate suit in district court, in which they assert
a counter-claim against John Anderson and John Anderson & Co., L.L.C.  On
November 3, relators asked the county court to consolidate the two lawsuits and
then transfer the consolidated suit to district court.  The county court denied
relators= motion on November 7.  

On
November 21, relators filed a petition for writ of mandamus, contending the
county court abused its discretion by denying their consolidation and transfer
motion.  In the interim, relators ask us to issue an emergency order staying
the county court=s December 1 trial setting.  We conclude relators have an
adequate appellate remedy.  Therefore, we deny the mandamus petition and
further deny, as moot, relators= motion for emergency stay.

                                                       STANDARD
OF REVIEW








To be
entitled to mandamus relief, a relator must demonstrate that the trial court
clearly abused its discretion, and that relators has no adequate remedy by
appeal.  In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding).  A trial court abuses its discretion if it renders a decision that
is arbitrary, unreasonable, or lacking in basis or reference to guiding legal
principles.  See Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)
(orig. proceeding); Johnson v. Fourth Court of Appeals, 700 S.W.2d 916,
917 (Tex. 1985) (orig. proceeding).  With respect to the resolution of factual
issues, we will not substitute our judgment for the trial court=s; therefore, the relator must
establish the trial court reasonably could have reached only one decision.  Walker,
827 S.W.2d at 839B40.  On the other hand, a trial court has no discretion in
determining what the law is or applying the law to the facts.  See id.
at 840.  Accordingly, a clear failure by the trial court to analyze or apply
the law correctly constitutes an abuse of discretion.  Id.

                            ADEQUACY
OF RELATORS= APPELLATE REMEDY

Whether
a mandamus petitioner=s appellate remedy is adequate Ahas no comprehensive definition.@  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).  In deciding the adequacy
of relators= appellate remedy, we must carefully balance jurisprudential
considerations implicating both public and private interests.  See id. 
In determining whether appeal is an adequate remedy from an order denying
consolidation, we consider whether the benefits outweigh the detriments of
mandamus review.  See id.  An appeal is inadequate when a litigant is in
danger of permanently losing substantial rights.  In re Van Waters &
Rogers, Inc., 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding).  That
scenario may arise if an appellate court would not be able to cure the error,
the litigant=s ability to present a viable claim or defense is vitiated, or the error
cannot be made part of the appellate record.  Id.








None of
these scenarios is present in this case.  Relators contend its
fraudulent-inducement counterclaim cannot be presented in county court because
the amount in controversy exceeds $100,000.  See Tex. Gov=t Code Ann. ' 25.0003(c)(1) (Vernon 2004). 
However, its counterclaim may be tried separately in district court; therefore,
relators= ability to sue HCC for fraudulent
inducement is preserved.  See Van Waters & Rogers, 145 S.W.3d at
211.  Relators respond that their counterclaim, which cannot be presented in
the county-court trial, may be barred in the district court under the doctrines
of collateral estoppel and/or res judicata.  We disagree.

Within
the general doctrine of res judicata, there are two principal categories: (1)
claim preclusion, also known as res judicata, and (2) issue preclusion,
otherwise known as collateral estoppel.  Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 628 (Tex. 1992).  Res judicata prevents a party from
re-litigating a claim that either has been finally adjudicated or, through the
use of diligence, should have been litigated in the previous suit.  See id. 
By contrast, collateral estoppel prevents the re-litigation of particular
issues that already were resolved in an earlier suit.  See id. at 628B29.  

Initially,
we note that the Legislature has limited the application of res judicata when a
county-court trial will precede a trial in district court.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 31.004(a) (Vernon 2008); C/S
Solutions, Inc. v. Energy Maint. Servs. Group LLC, ___ S.W.3d ___, 2008 WL
4757003, at *8 (Tex. App.CHouston [1st Dist.] Oct. 30, 2008, no pet. h.).  We further
conclude that neither doctrine applies in this case, because the county court
lacks subject-matter jurisdiction to hear relators= fraudulent-inducement counterclaim. 
See Kitchen Designs, Inc. v. Wood, 584 S.W.2d 305, 307 (Tex. Civ. App.CTexarkana 1979, writ ref=d n.r.e.) (requiring dismissal of
counterclaim exceeding county court=s jurisdictional limit).  Res
judicata presumes that the prior judgment was rendered by a court of competent
jurisdiction.  See Igal v. Brightstar Info. Tech. Group, Inc., 250
S.W.3d 78, 86 (Tex. 2008).  Thus, res judicata does not bar the subsequent
litigation of a counterclaim over which the prior court lacked jurisdiction.  See
id.; Texas A&M Univ. Sys. v. Luxemburg, 93 S.W.3d 410, 418 (Tex.
App.CHouston [14th Dist.] 2002, pet.
denied).  Similarly, collateral estoppel does not apply if the previous trial
court lacks the jurisdiction to make a full and final adjudication of the
defendant=s counterclaim.  See SWEPI, L.P. v. Camden Res., Inc., 139 S.W.3d
332, 340 (Tex. App.CSan Antonio 2004, pet. denied).








Relators
have not shown that they stand to permanently lose substantial rights.  See
Van Waters & Rogers, 145 S.W.3d at 211.  Although separate trials in
county court and district court may be more expensive and less efficient than a
consolidated trial in district court, an appellate remedy is not inadequate
merely because it may involve more expense or delay than mandamus.  See
Walker, 827 S.W.2d at 842.  We conclude relators have not demonstrated
their entitlement to a writ of mandamus.

Accordingly,
we deny the petition for writ of mandamus.  Because of our resolution of this
matter, we need not decide whether relators have demonstrated an abuse of
discretion by the trial court.  We also deny as moot relators= motion for emergency stay.

PER
CURIAM

 

Petition Denied, Motion
for Emergency Stay Denied as Moot, and Memorandum Opinion filed, November 25,
2008.

Panel consists of Chief
Justice Hedges, and Justices Yates and Boyce.









            [1]  The respondent
is the Honorable Roberta A. Lloyd, presiding judge of County Court at Law #4,
Harris County.